Kabley *v.* Worcester Gas Light Company.

ARNOLD KABLEY & wife *vs.* WORCESTER GAS LIGHT COMPANY.

The owner of land, at the request of a gas company, who were intending to build a gas-holder on adjoining land, signed and delivered to the company an agreement " to rent or lease " his land " for the purpose of delivering " materials, " and for all purposes necessary for the construction of a gas-holder to be built" by the company, " and to be occupied during the construction of the same." The company requested him to clear his land of trees and a building, and he did so, but they never occupied his land, and they built the gas-holder in another locality. *Held,* that the agreement was a present demise, and the company was liable for the sum stipulated for as the rent.

CONTRACT.    At the trial in this court, before. *Ames,* J., "it was conceded, for the purposes of the trial, that the plaintiffs could prove that the defendants, being desirous of building a gas-holder upon land in the rear of a lot belonging to the female plaintiff, and having no means of getting from the street upon said land except over this lot, had applied to the plaintiffs for leave to use the lot for the purposes described in the following written agreement, signed by the plaintiffs : ' Worcester, May 13, 1868.    We, the undersigned, agree to rent or lease a certain tract of land on the southerly side of Chandler Street, west of and adjoining Nos. 10 and 12, for the purpose of delivering sand, bricks, cement, and for all purposes necessary for the construction of a gas-holder to be built by the Worcester Gas Company, and to be occupied during the construction of the same, the compensation for the same to be decided by three disinterested men ;' and had agreed with the plaintiffs to leave the matter of the compensation to be determined by three men to be chosen

**by** the parties; that, at the request of the defendants, the plain-tiffs had made, executed and delivered to the defendants the said written agreement, and thereupon referees were chosen, who signed and delivered to the defendants the following award: ' The gas company agreeing to put the fences in as good con-dition as they now are, and remove all rubbish from the prem-ises, we the subscribers award the sum of $1266.66 for the rent of said lot;' that the lot of land included in the agreement was, at the time of making the agreement, occupied by growing trees, vines, fruits, vegetables and a building, all of which the plaintiffs were to remove, so as to enable the defendants to occupy the land; that, after the agreement and the award of the referees were made and delivered to the defendants, the defendants gave the plaintiffs notice to clear the land of the trees, vines, build-ing, &c., before the following Monday; that this notice was given within a day or two after the award of the referees was delivered; that thereupon the plaintiffs removed the trees, vines, building, &c., at great expense, and, during the time necessary for the building of the gas-holder, interposed no objection or hindrance to the occupation of the land by the defendants, but held the same for them during all the time necessary for the construction of the building; that the defendants, after giving the notice above mentioned, concluded to and did erect the gas-holder in another place, and did not have occasion to occupy the land for the purposes named in the agreement; and that the plaintiffs were greatly damaged by the removal and destruc-tion of their property aforesaid."

Upon the facts above conceded the judge was of opinion that the action could not be maintained, and reported the case for the consideration of the full court.

*G. F. Verry*, for the plaintiffs.

*T. L. Nelson*, for the defendants. The case was the familiar one of the fitting up of real estate by the owner to prepare it for 'etting. No action will lie on an oral promise to hire premises and pay for the fitting up; and *a fortiori* none for expense so incurred, when there is no express promise to pay for it. *Irvine* v. *Stone*, 6 Cush. 508. *McMullen* v. *Riley*, 6 Gray, 500. Browne on St. of Frauds, *c.* 9.

AMES, J. The question whether a written instrument is a lease, or only an agreement for a lease, depends on the intention of the parties to be collected from the whole instrument. *Bacon* v. *Bowdoin,* 22 Pick. 401. The form of expression " we agree to rent or lease " is far from being decisive upon this question, and does not necessarily import that a lease is intended to be given at a future day. On the contrary those words may take effect as a present demise, and the words " agree to let" have been held to mean exactly the same thing as the word " let," unless there be something in the instrument to show that a present demise could not have been in contemplation of the parties *Doe* v. *Benjamin,* 9 Ad. & El. 644. The test seems to be that if the agreement leaves nothing incomplete it may operate as a present demise. *Doe* v. *Ries,* 8 Bing. 178. The agreement relied upon by the plaintiffs contains no stipulation for a lease at any future time, and there is nothing to show that any more formal document was contemplated. It is not prospective or executory, and it does not indicate that anything remained to be done on the part of the plaintiffs. It gave to the defendants an immediate right of possession. *Staniforth* v. *Fox,* 7 Bing. 590. *Doe* v. *Ashburner,* 5 T. R. 163. *Jenkins* v. *El dredge,* 3 Story, 325. It creates a term, beginning with the delivery of the instrument, and ending upon the completion of the gas-holder in a reasonable time ; and it stipulates for a rent, the amount of which was to be determined by arbitration. So far as the plaintiffs are concerned, it has all the essential qualities of a present demise. The report finds that the agreement, which we have considered as effectively a lease, was delivered to the defendants, and was accepted by them. Under such circumstances, their liability to pay rent is not qualified, or taker away, by proof that they never actually occupied the premises. It is enough that they accepted the conveyance, which gave them the right of immediate and exclusive occupation. The law would imply, from such acceptance, a promise to comply with the terms of the lease ; *Guild* v. *Leonard,* 18 Pick. 511, 516 ; *Goodwin* v. *Gilbert,* 9 Mass. 510 ; and such a promise is not within the statute of frauds. *Felch* v. *Tay-*

*lor*, 13 Pick. 133.   Under that implied promise the defendants would be responsible, even though they refuse to take possession of the property.   Taylor Landl. & Ten. § 176.   They hold the premises whether they occupy them or not; *Pinero* v. *Judson*, 6 Bing. 206 ; and such holding constitutes legal or constructive possession.   The fact that they did not erect the proposed building on the premises might show an abandonment of the lease, but it would not have the effect to relieve them from the obligation to pay the stipulated rent, if the lease had once been accepted so as to vest the estate.

If actual occupation were necessary in order to render the defendants liable, the clearing of the land by their direction after the award in relation to the rent had been made known to them, would warrant the jury in finding such an exercise of dominion over the premises as to be equivalent to actual entry.

On these grounds, our conclusion is that the case was improperly withdrawn from the jury and must

*Stand for trial.*