## John McGrath *vs.* City of Boston & another.

**A.,** owning land in a city, signed and delivered to B. a writing of which the following is the material part: "I hereby agree to let to B." the land; "he agrees to pay $400 per year, payable monthly," and do certain repairs; "I am to do all outside repairs, and at present to fence the yard, repair the cellar and lay a water pipe; and I will make a lease to B. of the premises for three, with a privilege of five years from date." B. entered into possession immediately, and paid the rent named till ejected. The city afterwards, but within the term first named, took part of the land to widen a street. *Held*, that the writing was not a lease; and that B. could not maintain a bill in equity against the city to recover any portion of the damages assessed for the taking.

Bill in equity against the city of Boston and Maurice O'Connell, alleging that the city had taken, for widening Oliver Street, a parcel of land belonging to O'Connell, and assessed damages therefor; and that the plaintiff had a leasehold interest in said land ; and praying that the city might be ordered to pay him his proportional amount of the damages. The case was reserved by *Wells*, J., for the consideration of the full court on an agreed statement of facts, of which the material part was as follows :

On October 3, 1863, the defendant O'Connell, being the owner of a house on Oliver Street, executed the following agreement, bearing that date : " I, the undersigned, hereby agree to let to John McGrath the dwelling-house numbered 29 on Oliver Street

in Boston, on the following conditions: He agrees to pay four hundred dollars per year, payable monthly to date; to keep the inside of the house in good repair; do all inside repairs during the term for which he may hold it; pay the water taxes, and keep the vault and premises clean; and whenever he may leave, to give up the premises in as good condition as they are now in, reasonable wear and use excepted. I am to do all outside re-pairs, and at present to fence the yard, repair the cellar, and lay a water pipe to convey the water into the yard; and I will make a lease to McGrath of the premises for three with a privilege of five years from date.                    Maurice O'Connell.

"I agree to the above terms.    John McGrath."

On the day of the date of this agreement the plaintiff entered into possession of the premises. On August 5, 1865, he notified the defendant O'Connell that he elected to hold the premises for five years; and he remained thereon till January 3, 1866, when he moved away, after Patrick A. O'Connell, to whom the defendant O'Connell had conveyed the estate, had given to him notice to quit and had removed his furniture. The plaintiff paid rent at the rate named in the agreement up to the time when he received the notice to quit.

On July 3, 1865, the city gave notice of an intention to take part of the premises for the purpose of widening Oliver Street, and on October 9, 1865, assessed the damages for the taking; but did not enter for that purpose till October 9, 1866. The city had never paid the damages, but was ready and willing to pay them as the court might order.

*L. Child*, for the plaintiff, cited *Fiske* v. *Framingham Manu-facturing Co.* 14 Pick. 491; *Bacon* v. *Bowdoin*, 22 Pick. 401; *Dutton* v. *Gerrish*, 9 Cush. 89; *Doe* v. *Ashburner*, 5 T. R. 163, *Weed* v. *Crocker*, 13 Gray, 219.

*G. O. Shattuck*, for the defendant O'Connell.

WELLS, J. The plaintiff, in order to entitle himself to dam-ages from the city, or to share in any manner in the amount awarded in gross for the injury to the property in question, by the laying out of the street, must show that, at the time those damages became payable, or at the time the land was entered

upon for the purpose of constructing the street, he had an estate or interest in the property injured. He claims that he was a tenant for years; and, in support of that claim, relies upon the contract set forth in the agreed facts, as being, in itself, a lease for years. As he was expelled from the possession, by the owner of the fee, before the city entered upon the land, he cannot maintain his claim upon the ground that he was tenant in fact, in possession of the premises, with an equitable right, as against the owner, to have a lease. He must stand upon the legal effect of the writing which he presents as his lease. Unless that operated to vest in him an estate for years, he has no title and no right to claim any part of the damages awarded for injury to the land or building.

The instrument, relied on as a lease, contains this as its last clause : " I am to do all outside repairs, and at present to fence the yard, repair the cellar, and lay a water pipe to convey the water into the yard; and I will make a lease to McGrath of the premises for three with a privilege of five years from date." The instrument commences with the words : " I hereby agree to let;" but it contains no mention of any length of term, except that in the stipulation " to make a lease;" and no agreement that McGrath may enter before the lease is made, or that he shall commence his occupation or accept a lease before O'Connell shall have fenced the yard, repaired the cellar and laid the water pipe. According to the distinctions upon which the question has usually been decided whether a particular instrument is to be construed as a present demise or an executory contract for a lease to be given thereafter, we think that this must fall within the latter class. *Goodtitle* v. *Way*, 1 T. R. 735. *Doë* v. *Ashburner*, 5 T. R. 163. *Poole* v. *Bentley*, 12 East, 168. *Tempest* v. *Rawling*, 13 East, 18. *Doe* v. *Grover*, 15 East, 244. The cases cited from our own reports, to which may be added that of *Weld* v. *Traip*, 14 Gray, 330, recognize the same principle. It is, that if the instrument, upon its face, purports to be the contract upon which the occupation is to be enjoyed, and the relations and rights of the parties to be defined, and it contains apt words to operate as a

present demise, it will be so construed. Otherwise it will be regarded as an agreement only. Subsequent occupation, like other acts and conduct of the parties to a contract in relation to its subject matter, may aid, upon the question of intention, in the interpretation of their agreement; but they cannot control it against the meaning of the words used, nor supply a meaning which the words themselves will not reasonably bear. In this case, the only words in the writing which can be vouched in to give to the tenancy of McGrath the character of a term of years, relate to the limitations of a lease which O'Connell promises that he " will make." So long as McGrath remained in occupation, the agreement might be sufficient to protect him and to define the conditions of his occupancy. In equity he would be protected against ejection, and might compel the execution of a lease which would confer upon him the legal estate for the stipulated term. But he had not acquired the legal estate when he was virtually ejected from the premises, and he had ceased to be a tenant thereof before damages from the city became payable to anybody. In that state of facts, he would have no interest specifically in the land and buildings, or in the damages to be paid therefor. His remedy is against O'Connell personally, for breach of the executory contract.

The judgment upon the agreed facts must therefore be

*Bill dismissed, with costs.*