## MARY L. BILLINGS v. FREDERICK CANNEY.

*Landlord and tenant—Agreement for lease.*

While a mere agreement for a lease does not create a tenancy or give the other party a right of possession, yet if the latter has possession for the purpose of putting up a building and is to continue in possession as tenant until his rent pays for the construction, his tenancy begins immediately on the completion of the building.

Error to Wayne. (Speed, J.) June 18.—June 19.

Proceedings to recover possession. Defendant brings error. Affirmed.

*Atkinson & Atkinson* for appellant.

*Chas. B. Lothrop* for appellee.

COOLEY, C. J. In this case the owner of a lot in the city of Detroit seeks to recover possession from a party claiming to be tenant, but whose tenancy she denies.

The facts are that on June 3, 1884, the respondent, as

party of the first part, entered into a written agreement with the complainant, as party of the second part, whereby he agreed to build and finish for her a stable on the lot in question for a stipulated price, he furnishing some of the materials, but she the major part. The stable was to be finished by July 1, 1884, and the complainant was to pay the respondent $200 for his labor, and the market value for such materials as he should furnish. It was further agreed as follows: "The said sums of money are to be paid by the said party of the second part, giving to the said party of the first part a lease of said stable, which said lease is to continue and to remain in force until the said party of the first part shall have received from the rents, or from said party of the second part, the sums of money above provided for. If the party of the first part decides to retain possession of said stable himself, the rent is to be fixed at the rate of twenty-five dollars per month. If he decides to rent it to some other person, the rent is not to be less than twenty-five dollars per month."

The stable was not finished as soon as agreed, and when it was finished, a dispute arose between the parties as to the sum to be paid therefor. Some negotiations for a settlement of the dispute were had between the parties, but they came to nothing, and, respondent refusing to surrender possession, this proceeding was instituted. On trial in the circuit court the complainant had judgment, and the respondent brings the case here on writ of error.

In support of this judgment it is contended that the contract between the parties, in so far as it contemplated a tenancy, amounted only to an agreement for a lease, and not to an actual leasing; and *People v. Gillis* 24 Wend. 201; *Jackson v. Delacroix* 2 Wend. 433; *McGrath v. Boston* 103 Mass. 369; and *Morgan v. Powell* 8 Jur. 1123, are cited. None of these cases is in point. A mere agreement for a lease does not create a tenancy, or give to the party with whom it is made a right to possession; and that is what is decided in the cases referred to. But in this case the respondent was to have a building only, and was himself to

build it. It would be in his possession for the purposes of construction until completed, and the contract contemplated that the possession he then had should be retained by him as a tenant until the rents should pay for the construction. The tenancy, therefore, began immediately on the completion.

The judgment must be reversed and judgment entered for the defendant on the finding, with costs.

The other Justices concurred.