WILLIAM H. BANGS, JR., *vs.* CORNELIUS FRIEZEN.

February 11, 1887.

**Chattel Mortgage — Bill of Sale from Mortgagor and Mortgagee.—** Where chattels are mortgaged by the owner, a purchaser who takes a bill of sale from both mortgagor and mortgagee acquires the title discharged of the mortgage.

**Bill of Sale—"I Agree to Sell"—Passing of Property.—** Where nothing further remains to be done to complete the transaction, it is not material that the bill of sale reads, "I agree to sell," instead of "I sell," etc. The form of the expression used is not decisive, but the manifest intention of the parties must control.

Replevin for a billiard table, brought in justice's court, and removed, by appeal on questions of law alone, to the district court for Clay county, where the justice's judgment was reversed by *Baxter,*

J., and judgment ordered and entered for plaintiff, from which the defendant appealed. The table originally belonged to one J. B. Unger, and was in the saloon of the Northwestern Hotel at Glyndon. On January 17, 1884, Unger mortgaged it, with the rest of the saloon furniture, to one Mullett, the mortgage being duly filed. On January 21, 1884, Unger sold the mortgaged property to defendant, and on February 2, 1884, Mullett executed and delivered to defendant an instrument in writing, bearing date on that day, as follows: "In consideration of $100 paid to me by C. Friezen, I hereby sell, give, and assign to him all my interest in the Northwestern Hotel at Glyndon, including all my interest in the furniture, groceries, and all other things contained therein, except my private baggage. I also agree, in consideration of five cents, to sell him all my right, title, and interest in the chattel mortgage held by me over the goods and chattels in the possession of J. Unger." This was defendant's chain of title, under which he was in possession prior to February 13, 1884.

On February 13, 1884, a judgment was recovered against Mullett in a justice's court, and on February 25th, execution issued, and was levied "on chattel mortgage No. 821, from J. B. Unger to J. R. Mullett," and on March 11th the mortgage was sold, upon the execution, to plaintiff, who claimed the property under this purchase.

*W. B. Douglas*, for appellant.

*Spooner & Spooner*, for respondent.

VANDERBURGH, J. The plaintiff claims under an alleged execution sale of a certain chattel mortgage covering the personal property in question. The defendant's title, as shown by the evidence, which is uncontradicted, rests on a sale of the property to him by the mortgagor, and an agreement by the mortgagee for a transfer of the mortgage. This transaction, which was intended to vest the entire interest of the parties to the mortgage in the defendant, Friezen, was upon sufficient consideration, and was completed before the levy under which plaintiff claims. The goods being delivered to defendant, and the mortgage satisfied in fact by the mutual arrangement of the parties, no writing was necessary. Nothing further remained to be done, and it was not material that the language of the bill of sale and assignment was, "I agree to sell," instead of, "I hereby sell," etc. In

such cases the form of the expression used is not decisive.    The manifest intention of the parties must control.    *Kabley* v. *Worcester Gas-Light Co.*, 102 Mass. 392.

The reference in the defendant's testimony to the fact that the property was in the possession of the sheriff when he bought, had no connection with the levy upon the chattel mortgage by the city marshal, under which plaintiff claims, as it is not pretended that the latter levied on the property described in the mortgage, or upon anything else than the mortgage itself.    So far as the record shows, then, the justice was right in holding defendant's title superior to that of plaintiff, independently of the question of the sufficiency of the levy made on the mortgage filed with the town clerk to entitle the latter to claim possession of the property,—a question which seems not to have been considered by the court below.

Judgment reversed.