## W. J. Knupp v. John Bright, Appellant.

*Lease—Oil lease—Damages.*

In consideration of certain covenants, K. agreed to convey an undivided five eighths of an oil lease to B., who agreed to drill one well to sand rock before a day specified, and to carry a one fourth of the working interest in the well for K. It was also provided that K. was to pay upon a one-eighth interest the one-eighth part of the expense of drilling the well, B. to pay the share of the other one quarter of the lease in drilling the well. The agreement continued as follows: "But in case said well is a paying well the one quarter of the expense of drilling said well carried by said B. to be paid out of the proceeds of the first production of said well, and after the payment thereof in the manner aforesaid each one shall thereafter

bear his proportionate expense of drilling and operating said leasehold. But if said well is not a paying well said K. shall only own one eighth of the rig, casing, etc., put by us upon the premises in drilling said well." It was also provided that if B. failed to drill the well before the date specified all his rights under the agreement would cease. K. executed a conveyance for the interest called for in the agreement before the time fixed for completing a well by B., but B. never drilled a well. *Held,* (1) that B. was not justified in waiting for the delivery of the assignment before commencing the drilling of the well; (2) that the measure of damages for failure to drill the well was seven eighths of the cost of drilling, less seven eighths of the market value of the material in place.

Argued May 3, 1898. Appeal, No. 354, Jan. T., 1897, by defendant, from judgment of C. P. Warren Co., Sept. T., 1896, No. 54, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Assumpsit for breach of contract.

The contract on which suit was brought was as follows:

" Know all men by these presents that I, Wm. J. Knupp, for and in consideration of the performance of the agreements and covenants hereinafter contained by John Bright, hereby agree to convey to said John Bright, his heirs and assigns, the undivided five-eighths part of that certain lease and leasehold from A. J. Davis and N. J. Davis to me, bearing date the fourteenth day of June, A. D. 1890, of about forty acres of land, part of lot number seven, in the township of Sheffield, Warren county, Pennsylvania.

" In consideration whereof said John Bright agrees to drill one well for oil upon said premises to the proper sand rock on or before the first day of April next, and to carry a one-fourth of the working interest in said well for said Knupp—said Knupp to pay upon a one eighth interest held by him the one eighth part of the expenses of drilling said well and the share of the other one-quarter of said lease in drilling said well to be paid by said John Bright, but in case said well is a paying well the one-quarter of the expense of drilling said well carried by said Bright to be paid out of the proceeds of the first production of said well, and after the payment thereof in the manner aforesaid each one shall thereafter bear his proportionate expense of drilling and operating said leasehold. But if said well is not a paying well said Knupp shall only own one-eighth of the rig,

casing, etc., put by us upon the premises in drilling said well.

"In case said John Bright fails to drill said well upon said premises on or before the first day of April next, all rights to him under this instrument shall be forfeited null and void and shall cease and determine.

"Witness my hand and seal the twenty-ninth day of August, A. D. one thousand eight hundred and ninety-one.

"Wm. J. Knupp, [Seal.]<br>"John Bright,  [Seal.]"

Bright failed to drill the well stipulated in the contract, and Knupp, after waiting until March 10, 1892, executed the conveyance to Bright on that day. Plaintiff alleged that he had sustained damages in not having the well drilled which he had contracted to be drilled and paid for, and the measure of those damages was claimed to be seven eighths of the cost or expense of drilling such well to the oil-bearing rock during the time mentioned in the contract, less seven eighths of the market value of the rig, drive-pipe and casing in place, with interest from the time the well should have been drilled.

Plaintiff's points and the answers thereto were as follows:

1. If the jury believe from the evidence that the plaintiff delivered to the defendant the conveyance for the undivided five eighths of the leasehold offered in evidence, as testified to by him, before the first day of April, 1892, then the plaintiff is entitled to recover in this case upon the defendant's breach of contract. *Answer:* We answer that in the affirmative. [1]

2. If under the instructions contained in the preceding point, the plaintiff is entitled to recover, then the measure of damages is seven eighths of the cost and expense of drilling a well on said leasehold to the oil-bearing rock, during the time mentioned in the contract, less seven eighths of the market value of the rig, drive pipe and casing in place, to which is to be added interest from the first day of April, 1892. *Answer:* We answer that point in the affirmative. In our judgment that is the correct measure of damages. Knupp was to pay one eighth of the cost of drilling the well, therefore Bright was only to pay seven eighths of it, which would be seven eighths of the cost of drilling the well to the sand rock, less the value of the materials used in so drilling, which may be made useful afterwards, together

with interest from the time when the well should have been completed. [2].

Defendant's points and the answers thereto among others were as follows:

2. The plaintiff not having drilled the well himself, which the defendant agreed to drill on the property, and not having employed or paid anybody for drilling such well, he cannot recover the expense of drilling such well, or any part thereof; in other words he cannot recover expense which he never incurred, or damage which he never sustained. *Answer:* That part of it we answer in the negative. We think the plaintiff would be entitled to recover, notwithstanding the fact that he did not actually drill the well himself. The concluding part of the point, as a general statement of law, is correct. " He cannot recover expense which he never incurred, or damage which he never sustained." [3]

3. The plaintiff's only interest in the well was one fourth of the oil that might be obtained therefrom, and in the absence of evidence showing that there was oil there which he could and would have obtained by the drilling of the well, nominal damages only can be recovered, nothing having been expended by the plaintiff in drilling the well agreed to be drilled by the defendant. *Answer:* We answer that in the negative. We think the question of damages is not to be determined by the question whether or not there might be much oil or little oil in the well, but the cost of performing the work which Mr. Bright agreed to perform. [4]

4. Only such damage can be recovered as may fairly be supposed to have entered into the contemplation of the parties when they made their contract, or such as might naturally be expected to follow its breach. *Answer:* That part of the point as a general proposition we affirm; but the application of it which follows, we are unable to agree to. [5] And the parties having provided in the contract for a forfeiture of the consideration, namely, the defendant's interest in the lease, in case he failed to drill the well within the time stipulated, that is the only damage that could fairly and reasonably be supposed to have entered into the contemplation of the parties, and that having been forfeited to the plaintiff by the terms of the contract, nominal damages only can be recovered in this case. *Answer:*

That part of the point we answer in the negative. The clause in the agreement providing for the forfeiture relates to the rights of Bright under that agreement, viz: his right to an assignment and to contribution by Knupp to the expense of the well. When Knupp voluntarily executed his part of the agreement without waiting for performance by Bright, and Bright accepted that performance—whether or not that happened is a question of fact for the jury—but if it did happen and Knupp executed and delivered the assignment before the 1st of April, 1892, and Bright accepted that performance, then that agreement became so far executed that it could no longer be forfeited by either. But Knupp inserted in the assignment a clause of forfeiture, at his option. In the copy which Knupp says he delivered to Mr. Bright, it is put in this way at the end: "In case said Bright fails to drill a well upon said premises as agreed to in said above recited contract, this conveyance to be forfeited, null and void at my option." There is no evidence that this option was exercised. Under these circumstances this point, except the general statement in the first part of it, is answered in the negative. And it means, notwithstanding this clause of forfeiture in the papers, that if you find for the plaintiff upon the questions of fact which we shall submit to you relating to the actual delivery of this paper, he would be entitled to recover substantial damages notwithstanding those clauses. [5]

6. If the jury should believe that the plaintiff did deliver an assignment of the lease on March 10, 1892, to the defendant, and should also believe from the evidence that there was not sufficient time to drill the well between March 10 and April 1, the time the contract required it to be completed, there can be no recovery in this case. *Answer :* We answer this point in the negative. And we think that even if there was not sufficient time to drill the well between the time when Knupp delivered (if he did deliver it) the assignment of this contract and the expiration of the time in which the defendant was to drill the well, nevertheless he might be entitled to recover. The covenant to drill a well in this agreement is absolute, and the execution and delivery of the assignment by Knupp was not a condition precedent. Knupp's agreement is expressly put in consideration of the performance by Bright and not merely in consideration of Bright's covenants. The plaintiff would not be

prevented from recovering, therefore, by his failure to execute and deliver the assignment so as to enable the defendant to complete the well after its delivery and before the first of April, 1892. The defendant was not justified in waiting for the delivery of the assignment before commencing his performance, and especially not since there is no evidence of any demand by the defendant for the assignment, or refusal by the plaintiff to execute it. [6]

Verdict and judgment for plaintiff for $1,138.75. Defendant appealed.

*Errors assigned* were (1–6) above instructions, quoting them.

*Edward Lindsey*, with him *J. O. Parmlee*, for appellant, cited 2 Sedgwick on the Measure of Damages, 200 ; 3 Parsons on Contracts, 167 ; Hutchinson v. Snider, 137 Pa. 1 ; Springer v. Nat. Gas Co., 145 Pa. 430 ; Billmeyer v. Wagner, 91 Pa. 92 ; Griffin v. Colver, 16 N. Y. 489.

*D. I. Ball*, for appellee, was not heard, but cited in his printed brief, Cochran v. Pew, 159 Pa. 184 ; Springer v Nat. Gas Co., 145 Pa. 430 ; Gibson v. Oliver, 158 Pa. 277 ; Pennypacker v. Jones, 106 Pa. 237.

PER CURIAM, May 16, 1898 :

We find nothing in this record that would justify us in sustaining either of the specifications of error.

The able and ingenious argument of defendant's counsel failed to convince us that the learned trial judge did not correctly answer all the points recited in said specifications. On the contrary, we think his construction of the contract sued on was substantially correct, as were his answers to each of the points referred to. There is nothing in any of the questions involved that requires discussion.

Judgment affirmed.