## PEN–O–TEX OIL & LEASEHOLD CO. v. BIG FOUR OIL & GAS CO.

Circuit Court of Appeals, Third Circuit.
December 19, 1927.

No. 3696.

1. **Mines and minerals** ⊗⟹79(7)—**Privity between plaintiff and defendant is necessary to authorize recovery for breach of contracts and covenants in oil lease.**

In action for damages for breaches of contracts and covenants in oil lease, plaintiff must show either privity of contract or privity of estate between itself and defendant.

2. **Mines and minerals** ⊗⟹74—**Privity between plaintiff, who assigned oil lease, and defendant, who bought half interest from assignee, held not to exist, authorizing recovery for defendant's breach of contract.**

Where plaintiff assigned oil lease in contract not extending to successors and assigns, and assignee with plaintiff's knowledge and consent sold one-half interest to defendant, which assumed its proportion of obligations of assignee to plaintiff for drilling, there was no privity of contract between plaintiff and defendant, authorizing recovery for breach, notwithstanding that defendant controlled plaintiff's assignee by stock ownership.

3. **Mines and minerals** ⊗⟹74—**Privity between plaintiff, agreeing to assign lease to another, and defendant, assignee of such other, held not to exist, authorizing recovery for defendant's breach of contract.**

Where plaintiff made contract wherein it did "agree to sell and assign" certain leased premises to another, which in turn made contract with defendant whereby it did "agree to sell and assign" half interest and promised assignments were never made, there was no privity of estate between plaintiff and defendant, authorizing suit for breach of contract or lease, since agreement to assign is not assignment; doctrine of covenants running with land not availing plaintiff, since it is based on fact that some estate has been transferred.

4. **Mines and minerals** ⊗⟹74—**"Agreement to assign" oil lease is not "assignment" of "lease."**

Agreement to assign oil lease is not "assignment" of lease itself, since no present transfer of estate is intended or involved, and lease must contain words importing present demise.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Assignment.]

In Error to the District Court of the United States for the Western District of Pennsylvania; Robert M. Gibson, Judge.

Action by the Pen-O-Tex Oil & Leasehold Company against the Big Four Oil & Gas Company and another. Judgment for the named defendant, and plaintiff brings error. Affirmed.

William T. Tredway, of Pittsburgh, Pa., for plaintiff in error.

John W. Dunkle, of Pittsburgh, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The Pen-O-Tex Oil & Leasehold Company instituted this suit against the Pittsburgh Western Oil Company and the Big Four Oil & Gas Company, all corporations. The Big Four Oil & Gas Company filed an affidavit of defense in the nature of a demurrer and, on hearing, the court entered judgment for that company alone. The Pittsburgh Western Oil Company, though served with process, either did not appear or, because of an intimated lack of financial responsibility, was left out of the case. This writ of error, however, is directed to the judgment for the Big Four Oil & Gas Company. We shall, therefore, deal only with questions raised as to its liability.

In the interest of brevity, we shall, in stating the facts of the case, abbreviate names and omit dates and many figures.

Downie, owner, leased 140,000 acres of land in Texas to Kuykendall for oil and gas mining purposes under covenants (extending to their respective heirs and assigns) that the lessee should commence the drilling of a well within a year or, on default, the lease should terminate, unless continued by payment of a certain yearly rental. Kuykendall assigned thirty-three sections of the leased land to Cranston (his heirs, etc.) who, by separate contract with Kuykendall, undertook to drill a test well on the premises.

Cranston assigned his leased thirty-three sections and also the drilling contract between himself and Kuykendall to the Pen-O-Tex, the plaintiff in this suit, which assumed Cranston's contractual well-drilling obligations. Pen-O-Tex then entered into a contract with Fairchild (extending to their heirs, successors, etc.) whereby he engaged

to drill the well. With the year expired and no well drilled, Pen-O-Tex entered into a contract with the Pittsburgh Western, one of the defendants, whereby it agreed to sell and assign eighteen of its leased thirty-three sections to the latter company with an undertaking by that company to assume all the obligations of the Pen-O-Tex in the drilling contracts. This contract between Pen-O-Tex and Pittsburgh Western did not extend to their successors and assigns. On the same day, the Pittsburgh Western, with the knowledge and consent of the Pen-O-Tex, entered into a contract with the Big Four, the other defendant, whereby it agreed to sell and assign to the latter company an undivided one-half interest in the same eighteen sections "now owned" by it, and sold and transferred to the Big Four an undivided one-half interest in personal property located on the leased premises consisting of a drilling outfit, under terms whereby the latter company assumed its proportion of the obligations of the Pittsburgh Western to the Pen-O-Tex for the drilling of a well and one-half the expense thereof. The Big Four controlled the Pittsburgh Western by stock ownership.

No well was completed and no rental paid in accordance with the terms of the original lease and, as a result, the leasehold interests of the plaintiff, and of the defendants, if they had any, were lost. The Pen-O-Tex then brought this suit against the Pittsburgh Western and the Big Four on the contracts of the Big Four with the Pittsburgh Western and the Pittsburgh Western with the Pen-O-Tex to recover—what?

The plaintiff's pleading answers this question by a formal demand that it "recover * * * $500,000," but it does not clearly state the legal character of the claim. Seemingly the action is in assumpsit, recovery is based on breaches of contracts and breaches of covenants in a lease, and in both cases the demand sounds in damages. We shall discuss the questions in that light.

[1] To maintain the present action there must be either privity of contract or privity of estate between Pen-O-Tex, the plaintiff, and the Big Four, the defendant in the judgment. Mallalieu's Estate, 42 Pa. Super. Ct. 103.

[2] The Big Four and Pen-O-Tex were not parties to any contract put in evidence. The only contract in which the Big Four was a party was the one it made with the Pittsburgh Western. Although by that contract it assumed performance of a part of the Pittsburgh Western's obligation to the Pen-O-Tex, and, conceivably, became liable to the former company, that undertaking does not make the Big Four a party to the Pen-O-Tex-Pittsburgh Western contract so that it may be sued by the Pen-O-Tex. Goodyear Shoe Machine Co. v. Dancel (C. C. A.) 119 F. 692.

The Pen-O-Tex was a stranger to the only agreement in the record made by the Big Four, and hence there is no privity of contract between the two corporations and, accordingly, no right of action on that ground arising in the plaintiff, unless, indeed, the Pittsburgh Western and the Big Four may, because of the latter's ownership of the stock of the former, be regarded a corporate entity under the law of Pennsylvania Canal Co. et al. v. Brown et al. and Brown et al. v. Pennsylvania Canal Co. et al. (C. C. A.) 235 F. 669; Brown et al. v. Pennsylvania R. Co. and Pennsylvania R. Co. v. Brown et al. (C. C. A.) 250 F. 513 and kindred cases. The facts as pleaded do not establish that status.

[3] The plaintiff, however, maintains more earnestly that, as to a part of the premises, the lease, beginning with Downie to Kuykendall, ran through mesne assignees to the Big Four; that the original covenant to drill a well ran with the land to the last assignee; that there is privity of estate between the Big Four, the last assignee, and the plaintiff, an intermediate assignee then still retaining an interest in the land with the original lessor; and that, in consequence, it may maintain this action under the accepted theory, when applicable, that every successive assignee of a lease, however remote in the devolution of the leasehold title, is liable to a preceding holder on an obligation of the lease breached during their joint interest and consequent privity of estate. Washington Natural Gas Co. v. Johnson, 123 Pa. 576, 16 A. 799, 10 Am. St. Rep. 553; Knupp v. Bright, 186 Pa. 181, 40 A. 414; Hale v. Gypsy Oil Co., 113 Kan. 176, 213 P. 824; Stone v. Marshall, 188 Pa. 602, 41 A. 748, 1119.

But the doctrine of covenants running with the land is based on an essential legal fact that some estate to which the covenant may attach as its vehicle or conveyance has been transferred. 11 Cyc. 1081; Flanikin v. Neal, 67 Tex. 629, 4 S. W. 212. To apply this law to the instant case it must appear that the leased land or some interest in it was assigned by Pen-O-Tex to the Big Four. We have found no evidence of such an assignment. There was the well-drilling contract between Pen-O-Tex and Pittsburgh

Western wherein the former did "agree to sell and assign" to the latter portions of the leased premises "to be selected by the president" of the Pen-O-Tex. So far as the record shows the promised assignment was never made and the reserved right of selection never exercised. Then there was the contract between the Pittsburgh Western and the Big Four, executed the same day, whereby the Pittsburgh Western in turn did "agree to sell and assign" to the Big Four a one-half interest in the premises it then "owned"; but again the record fails to show that the Pen-O-Tex ever made the assignment it promised or that it owned the premises as recited.

[4] We construe these agreements not as assignments of the lease but as agreements to assign a portion of the leasehold. To render an instrument a lease as distinguished from an agreement to lease, it must contain words importing a present demise. 18 A. & E. Enc. of Law (2d Ed.) 598. A mere agreement for a lease does not create a tenancy or give to the party with whom it is made a right of possession. Billings v. Canney, 57 Mich. 425, 24 N. W. 159. And so, an agreement merely to assign a lease is not an assignment of the lease itself, for in such an agreement no present transfer of the estate or of a lesser interest in the estate is intended or involved. In consequence such an agreement does not establish privity of estate in the parties or cause covenants of the lease to run to either of them.

As the District Court was right in finding no privity of contract and no privity of estate between the parties to the suit, its judgment must be

Affirmed.