BERNARD P. RIEDEL & another *vs.* PLYMOUTH REDEVELOPMENT AUTHORITY.

Plymouth. October 10, 1968. — November 4, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Landlord and Tenant,* What constitutes lease, Taking by eminent domain, Tenancy at will. *Eminent Domain,* Right to damages, Tenant at will.

A written instrument, made between the owner of certain premises and one who subsequently occupied the premises for over six years, reciting that "The parties enter into this agreement as a memorandum of the terms to be included in a lease to be entered into by and between . . . [them], said lease to contain ordinary lease provisions and" certain provisions listed in the instrument, was not intended to be the final contract upon which occupation was to be enjoyed and did not constitute a lease [665–666]; and, upon a taking of the premises by eminent domain, the occupant, not being a tenant for years but at most a tenant at will having no interest in the premises entitling him to damages, had no right under G. L. c. 79, § 24 or § 27, to intervene in a proceeding for assessment of damages [666].

PETITION for assessment of damages filed in the Superior Court on October 27, 1965, by Bernard P. Riedel and Eleanor F. Riedel.

A petition to intervene filed by Elio W. Barufaldi was heard by *Sgarzi,* J.

*Thomas F. Quinn* for Elio W. Barufaldi.

SPIEGEL, J. The petitioner, Elio W. Barufaldi, seeks to intervene as a "party plaintiff" in an eminent domain case brought under G. L. c. 79. The trial judge denied the petitioner's motion to intervene and the case is here on the petitioner's exception to the denial of his motion.

A parcel of land and the buildings thereon located at the corner of Market and Summer streets was taken by the Plymouth Redevelopment Authority. At the time of the taking the petitioner had occupied the premises at No. 5 Summer Street for more than six years. These premises were included in the parcel of land taken by the Authority.

The petitioner alleges that he was a tenant in accordance with the terms of a written instrument which read in pertinent part as follows: "The parties enter into this agreement as a memorandum of the terms to be included in a lease to be entered into by and between . . . [the petitioner and the owner], said lease to contain ordinary lease provisions and the following: . . . The term of this lease shall be ten (10) years, to include an option to renew for an additional ten (10) years, at a rental to be determined at the time of entering into the lease . . . ."

The petitioner contends that the instrument constituted a lease and that as a tenant for years he was entitled to intervene under G. L. c. 79, § 24.[1] Whether an instrument is a lease or an agreement for a lease depends on the intention of the parties to the instrument as ascertained from the instrument as a whole. *Bacon* v. *Bowdoin,* 22 Pick. 401, 405. *Kabley* v. *Worcester Gas Light Co.* 102 Mass. 392. The determination is whether "the instrument, upon its face, purports to be the contract upon which the occupation is to be enjoyed, and the relations and rights of the parties to be defined, and it contains apt words to operate as a present demise." *McGrath* v. *Boston,* 103 Mass. 369, 371–372. *Wescott* v. *Luttazi,* 296 Mass. 541. From the language of the instrument before us we cannot conclude that the parties intended it to be the final contract upon which occupation was to be enjoyed. The instrument was a "memorandum of the terms to be included in a lease to be entered into" at another time. The lease was to contain, in addition to certain provisions listed in the instrument, "ordinary lease provisions."[2] Such language is too vague to adequately define

---

[1] Section 24 provides in part that "[i]f a tenant for life or for years and the remainderman or reversioner sustain damages . . . by the taking of their property by eminent domain . . . entire damages shall be assessed without apportionment thereof, and shall be paid to . . . any person whom the parties may appoint, and be held in trust by him for their benefit according to their respective interests."

[2] We note that it is not unusual for a lease to contain a provision terminating the tenancy in case of a taking by eminent domain. In such event, the lessee is not entitled to recover damages under c. 79. See, e.g., *Bowser* v. *Chalifour,* 334 Mass. 348.

the relations and rights of the parties. The subsequent oc-
cupation of the premises by the petitioner for over six years
does not resolve the ambiguities. See *McGrath* v. *Boston,*
*supra,* at 372. As the petitioner was not a tenant for years
he was not entitled to intervene under § 24.

Nor was he entitled to intervene under G. L. c. 79, § 27.[3]
Having occupied the premises under an agreement to enter
into a lease, he was at most a tenant at will and as such had
no interest in the premises which would entitle him to dam-
ages under c. 79. *Hanna* v. *County of Hampden,* 250 Mass.
107.

*Exceptions overruled.*

---

[3] Section 27 provides that "[i]f there are several parties, who have several
estates in the same property at the same time, other than the estates and in-
terests for which provision is made in section twenty-four, and the property
is taken . . . and one of such parties petitions the superior court to ascer-
tain his damages, the other parties may become parties to the proceedings
under such petition, and the damages of all of them may be determined to-
gether."