*Maurice Epstein,* pro se.
*John T. Daley* for the defendant.

LAWRENCE J. GIONET & another[1] *vs.* FRED HEBSHIE, JR., individually and as trustee, & another.[2] December 17, 1981. The plaintiffs seek damages for the defendants' failure to deliver to the plaintiffs possession of commercial premises in Abington which had been the subject of what purported to be a letter agreement addressed to the plaintiffs dated November 3, 1978. It read in part: "We, the undersign [*sic*] do agree to lease to the aforementioned individuals (L. J. Gionet & L. A. Gionet) approximately 1200 square feet of store frontage at 201 No. Quincy St., Abington, Mass. at the rate of $225.00 per month on a 2 year lease, beginning o/a January, 1979, and subject to all renovations agreed by all parties.

---

[1] Larry A. Gionet.

[2] Joseph Nessralla, trustee of Fairview Realty Trust.

This agreement supersedes any previous agreement made by both parties." The letter was signed "Hebshie & Nessralla Real Estate, Fred Hebshie, Trustee." At the lower left hand corner of the letter, the word "Witness" appears. Under that word, after a vertical space of about 9/16 of an inch, appear the typed and written signatures of each of the plaintiffs, one above the other.

There was testimony in a trial before a Superior Court judge, sitting without a jury, that the instrument, received in evidence, was drawn by Lawrence J. Gionet and that the plaintiffs at the time of the execution of the document had not been represented by counsel. After hearing part of the testimony of one witness called by the plaintiffs, and while other witnesses were waiting to be called by them, the trial judge ruled "as a matter of law that there . . . [was] no acceptance of the offer, if any, if . . . [one] consider[s] it an offer. Therefore, there is no lease and . . . there is nothing to be further determined in this case." Counsel for the defendant filed a "motion for a directed finding," and judgment of dismissal was entered.

The action of the trial judge was not authorized by Mass.R.Civ. P. 50(a), 365 Mass. 814 (1974), which provides for a request for a required finding "at the close of the evidence offered by an opponent." Parties plaintiff are entitled to a full opportunity to present for consideration by the judge all relevant facts to support their complaint. The instrument already quoted contained language which reasonably might be viewed either as a lease or an agreement for a lease, in the light of all the circumstances existing at the time of its execution and of the intention of the parties as ascertained from the whole instrument. See *Bacon* v. *Bowdoin*, 22 Pick. 401, 405 (1839); *Kabley* v. *Worcester Gas Light Co.*, 102 Mass. 392, 394-395 (1869). See also *Ernest F. Carlson Co.* v. *Fred T. Ley & Co.*, 269 Mass. 272, 276-277 (1929). Compare *McGrath* v. *Boston*, 103 Mass. 369, 371-372 (1869); *Wescott* v. *Luttazi*, 296 Mass. 541, 543-544 (1937); *Riedel* v. *Plymouth Redevelopment Authy.*, 354 Mass. 664, 665-666 (1968). On the very issue upon which the judge based his ruling, viz., that there was no acceptance of the document if viewed as an offer, it was open to the plaintiffs to establish, if they could, the capacity in which, and the purpose with which, they signed. The ruling was premature.

*Judgment reversed.*

*Lee M. Berger* for the plaintiffs.
*Richard C. Driscoll, Jr.*, for the defendants.