Jodrey, J.
This is an action for the defendants’ alleged breach of contract and negligence in improperly constructing a common driveway originally intended to provide access to the property of both parties. The defendants counterclaimed for the plaintiffs alleged breach of the parties’ written contract.
The complaint was filed on August 15, 1984. The plaintiff thereafter propounded several sets of interrogatories and filed both requests for production of documents and requests for admissions. The defendants responded. A June 23, 1986 trial date was eventually set.
Due to other demands of the court’s June 23, 1986 calendar, the trial was not commenced until late in the day. Testimony was limited to the direct examination and a portion of the cross-examination of the plaintiffs first witness. The trial justice then suspended the proceedings due to the lateness of the hour. Neither party had rested. The plaintiff had two expert witnesses in attendance that were not reached and the defendants had four witnesses in court, including experts. The trial justice suggested to counsel in chambers that they undertake further settlement efforts and, if unsuccessful, that they agree upon a date for the resumption of the trial.
On October 6, 1986, the court entered judgment dismissing both the complaint and the counterclaim. No additional proceedings had been held and no prior notice to the parties had been issued. On October 13,1986, the plaintiff filed a “Motion to Vacate Judgment and Schedule a Second Day of Trial.” This motion, and a subsequent motion by the plaintiff for a mistrial, were denied by the court.
As the bases of the trial court’s dismissal orders are not disclosed, consideration must be given to any possible grounds which could have warranted dismissal on the facts and procedural history of this case. Delano Growers’ Coop. Winery v. Supreme Wine Co., 393 Mass. 666, 676 (1985). Such inquiry is necessarily narrowed by the mid-trial time frame of the court’s sua sponte order. Logic requires that we eliminate as explanations for the court’s action all pretrial dismissal predicates, including Dist./Mun. Cts. R. Civ. P., Rule 37 discovery sanctions and Dist./Mun. Cts. R. Civ. P., Rule 12 (b) affirmative *131 defenses. Further, the fact that discovery was completed, the parties proceeded to trial and some evidence was introduced prior to the court’s order also disqualifies Dist./Mun. Cts. R. Civ. P., Rule 41 (b) (1) as a proper basis for the dismissals here in-A Rule 41 (b) (1) dismissal for lack of prosecution is customarily triggered by substantial inactivity in a case for a minimum of two years.
Rule 41 (b) (2) of the Dist./Mun. Cts. R. Civ. P. further provides for involuntary dismissal in the court’s discretion for a plaintiffs failure to prosecute or comply with procedural rules or court orders. No question of non-compliance with a rule or court order is present in this case. Similarly, a dismissal for lack of prosecution, although resting within the trial justice’s discretion, is generally warranted only where there is a “clear record of delay or contumacious conduct by the plaintiff. . . and lesser sanctions would not serve the best interest of justice.” Connolly v. Papa Christid Shipping Ltd., 504 F.2d 917, 920 (5th cir. 1974), cited in J. SMITH & H. ZOBEL, RULES PRACTICE, (8 M.P.S.) §41.8, n.73. The report in the instant case unequivocally establishes that the postponement of trial was directly attributable to the court calendar rather than any act or omission of the parties. Moreover, less than four months elapsed between the court’s adjournment of the trial and its sua sponte dismissal of the action. Compare, dismissal after six year lack of prosecution, Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 642 (1986); dismissal after eleven years, State Realty Co. of Boston, Inc. v. MacNeil Bros. Co., 358 Mass. 374, 378-379 (1970).
It is equally evident that the court’s dismissal orders cannot be sustained as substantive assessments of the lack of merit of the parties’ respective complaint and counterclaim. The reason is that no opportunity was extended to the parties to present and develop their claims on the merits. The authority of a trial judge to direct a verdict or dismiss a case on defendant’s motion as early as at the conclusion of the plaintiffs opening statement is, of course, well established. Boyajian v. Kachadorian, 357 Mass.121, 122 (1970); Mulvaney v. Worcester, 293 Mass. 32,33 (1935). “Great caution” is required, however, in the exercise of such discretion to insure that the case has been fully stated. Upham v. Chateau DeVille Dinner Theatre, Inc., 380 Mass. 350, 351 n.2 (1980). Carbonne v. Trustees, New York, N.H. & H.R.R., 320 Mass. 710, 713-714 (1947). Compare Sandler v. Green, 287 Mass. 404, 406 (1934). Similarly, Dist./Mun. Cts. R. Civ. P., Rule 41 (b) (2) permits dismissal, on defendant’s motion, on the “ground that upon the facts and the law the plaintiff has shown no right to relief;” but such dismissal can be sought and entered only “after the plaintiff. . . has completed the presentation of his evidence.” See, e.g., Thompson v. Robitaille, 1983 Mass. App. Div., 348, 351. We note also that no motion was filed by either party herein seeking dismissal of the complaint or counterclaim and that the court proceeded sua sponte. Finally, Rule 41 (b) (2) expressly mandates that subsidiary findings of fact shall be made if the court renders judgment on the merits against the plaintiff. Where, as in the instant case, factual findings are not entered by the court, any dismissal entered pursuant to Rule 41 (b) (2) must be vacated. See Rafferty v. Santa Maria Hospital, 5 Mass. App. Ct. 624, 630 n.7 (1977); Madden v. Malmart Mortgage Co., 1984 Mass. App. Div. 239, 242 and cases cited.
Rule 41 and related civil procedural tenets constitute in some measure a codification of the traditional, inherent authority of the courts to control judicial business. The orderly management of trial lists and the efficient disposition of cases on the docket are appropriate judicial concerns resting within judicial superintendence and discretion. See, generally, State Realty Co. *132 of Boston, Inc. v. MacNeil Bros. Co., at 379; Beninati v. Beninati, 18 Mass. App. Ct. 529, 535 (1984); Danvers v. Wexler Construc. Co., 12 Mass. App. Ct. 160, 164 (1981). But such administrative interest in the efficient operation of the system or framework of justice must be balanced with, and indeed appropriately subordinated to, the effectuation of the system’s purpose to dispense justice in accordance with constitutional guarantees. Principles of fundamental fairness dictate that every litigant be afforded his day in court; minimal due process guarantees a full opportunity to be heard. See, generally, Pesce v. Brecher, 302 Mass. 211, 212 (1939); Dolan v. Ray, 286 Mass. 519, 521 (1934); Pizer v. Hunt, 253 Mass. 321, 332 (1925); Gionet v. Hebshie, 12 Mass. App. Ct. 1000, 1001 (1981). Such guarantees remain independent of caseflow management considerations.
In short, neither the rules of civil procedure, nor inherent judicial power explains or justifies the court’s unusual mid-trial, sua sponte dismissal of both the complaint and counterclaim herein. Relief from the court’s judgment should have been granted pursuant to Dist./Mun. Cts. R. Civ. P., Rule 60 (b) (6). See Chavoor v. Lewis, 383 Mass. 801 (1981).
The denial of the plaintiffs’ motion to vacate judgment is hereby reversed. Case remanded for trial.