JANUARY TERM, 1882, No. 127.        APRIL 26TH, 1882.

## Stover *versus* Cadwallader *et al.*

1. Where a lease was created by parol for a term of four years, with the consideration a round sum, payable at the expiration of the term, it was, under the Statute of Frauds, March 21st, 1772, 1 Smith's Laws, 389, a lease at will, determinable at any time by either party.

2. In an action for use and occupation, the consideration named in such a lease may be adopted as the measure of compensation.

3. But when the lease has been determined during the term by an abandonment of possession on the part of the lessees, the statute of limitations begins to run from the time of such abandonment, and not from the expiration of the term.

4. *Semble*, that where leases are created by parol, exceeding the term of three years from the making thereof, and reserving an annual rent, such leases should be construed to be leases from year to year.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas of *Clinton County.*

Assumpsit commenced March 29th, 1877, by Samuel R. Stover against Rash Cadwallader, Frank M. Welsh, and William C. Sanderson, late trading as Cadwallader, Welsh & Co., to recover for use and occupation.

Cadwallader was not served, and the remaining defendants pleaded *non assumpserunt*, payment with leave, set-off, and the statute of limitations.

Upon the trial in the Court below, before MAYER, P. J., the plaintiff, *Stover*, testified substantially as follows:

"I owned the undivided one-fourth part of a grist-mill, plaster-mill, and woollen factory, from the 1st of March, 1863, to the 1st day of January, 1875. They (the defendants) occupied my interest in that factory for four years, from April 1st, 1867, until April 1st, 1871. They agreed to pay $400 for the four years. I don't know that it was in writing. They were in possession there under another lease. Not a dollar of these $400 was paid to me. They were to have it four years for the $400."

Upon cross-examination he testified:

"I cannot tell you anything about when Cadwallader, Welsh & Co. ceased to do business. There was nobody else there under my lease to my knowledge or with my consent. I leased to nobody else for that term. If Cadwallader, Welsh & Co. did not occupy it, somebody occupied it under

them; they did not occupy it under me. Their things were in there. They closed up the Cadwallader, Welsh & Co. concern, but I don't know if they closed up all of it or not. They occupied it as far as I know, because I am positive I leased it to no person else. The name of Reuben Wilt was in the firm, but I don't know when he got in. My lease with Sanderson was that they should have the property four years and pay me $400 rent for it."

The defendants then called *F. M. Welsh,* who testified:

"I was a member of Cadwallader, Welsh & Co. The firm was organized in the spring of 1863. It was dissolved in March, 1870. I have the articles of dissolution."

*Irwin Shreffler,* for the defendants, testified:

"I went there in the latter part of 1865. The firm then consisted of Cadwallader, Welsh & Co. I suppose that firm ceased to do business in 1870, for I commenced to work for Welsh & Wilt on the 4th of April, 1870, if I recollect correctly. They carried on business in the same place Cadwallader, Welsh & Co. did. They used the same machinery. After the 4th of April, 1870, no other firm did business in the same building, except Welsh & Wilt. F. M. Welsh is the same man that was in partnership with Cadwallader, Welsh & Co."

*F. M. Welsh,* being recalled by defendants, testified:

"After the dissolution of March 4th, 1870, Welsh & Wilt occupied these premises. Cadwallader, Welsh & Co. did not occupy them after March 4th, 1870. I wound up their business under their articles of agreement I bought the interest of the other two in the concern.

"I went to Mr. Stover in the latter part of February, 1870, and asked him what rent he would take for his one-fourth interest in that woollen factory. This I done before I ever closed the contract with Cadwallader, Welsh & Co. He said he would not take one cent less than $100 a year, and, as I had made arrangements with the other members of the firm, I had to give it, and I paid him $100 a year rent.. I have the check with which I paid the rent of 1870 (check offered in evidence). I drew that check, and gave it to R. R. Wilt, and he gave it to S. R. Stover. The indorsement on it is in the handwriting of S. R. Stover. 'For rent for 1870' was written in the body of the check. I gave that check to Mr. Wilt to give to Mr. Stover, and he handed it back to me, and said I had better state what it was for, so I wrote it that same day I drew the check."

There were other witnesses for the defendant, whose testimony was to the same effect.

*S. R. Stover,* in rebuttal, testified:

" Welsh did business for Cadwallader, Welsh & Co. at the factory in 1870. The business he did was settling up the books. The books were kept there. F. M. Welsh gave me that check. The words 'for rent for 1870 and 1871' were not written in there at all. They were put in afterwards. I rented to Welsh & Wilt in 1871."

The agreement of dissolution of March 4th, 1870, offered in evidence, provided that " the said H. P. Cadwallader and William C. Sanderson, in consideration of the sum of $5600, paid by the said F. M. Welsh, $2600 to the above-named H. P. Cadwallader, and $3000 to the above-named W. C. Sanderson, doth consent to disconnect themselves from the said joint-trading and copartnership with the said F. M. Welsh, and doth hereby release, grant, assign and transfer unto the said F. M. Welsh all the right, property and interest whatsoever, which they, the said H. P. Cadwallader and W. C. Sanderson, hath, or should have, in and to, all and singular, the goods, machinery, wares, merchandise and debts mentioned above."

Counsel for plaintiff asked the Court to charge the jury *inter alia :*

*Second.* That an agreement for a parol lease of lands for four years is not void, and where by the terms of a parol lease for such time, the rent is not payable till the end of the term, no rent for any occupation under such lease is payable before the end of such term.

*Third.* That the statute, requiring leases for a term exceeding three years to be in writing, is not in the way of the plaintiff recovering in this suit for the occupation of the leased premises by the defendants, and that the plaintiff, if his testimony, touching the terms of the lease for four years, to wit, the premises leased, the term of such lease, and the amount of rent to be paid, and when payable, is believed by the jury, is entitled to recover in this suit for all occupation of the leased premises by the defendants under the said parol lease.

*Fourth.* That the plaintiff, if his testimony is believed, is entitled to recover in this suit for the occupation of the leased premises by the defendants, and by those claiming under them, the rate agreed to be paid for such occupancy, with interest from the 1st day of April, 1871, the time when rent under the parol lease, according to the plaintiff's testimony, became due and payable.

The Court charged the jury *inter alia :*

" Now, gentlemen of the jury, at the very threshold of this case, we are met with an act of Assembly, which was passed on the 21st day of March, 1772, and known as the

[Stover *v.* Cadwallader *et al.*]

Statute of Frauds and Perjuries. This law has been in force ever since, and it is regarded as a very wise and salutary law. This act of Assembly requires' that all leases, estates, interest of freehold or term of years, or any uncertain interest of, in or out of any messuages, manors, lands, tenements, hereditaments, made or created by livery and seisin only, or by parol, and not put in writing and signed by the parties so making or creating the same, or their agents thereunto lawfully authorized by writing, shall have the force and effect of leases or estates at will only, and shall not either in law or equity be deemed or taken to have any other or greater force or effect ; any consideration for making any such parol leases or estates, or any former law or usage to the contrary notwithstanding ; except, nevertheless, all leases not exceeding the term of three years from the making thereof.' So that all parol leases made for a term exceeding three years are within this Statute of Frauds and Perjuries. When Cadwallader, Welsh & Co. and S. R. Stover entered into th's, verbal contract, neither party could enforce the lease as against the other, although suit for damages might lie, yet neither party could enforce specifically the terms of the lease. [Mr. Stover cannot in this action (enforce) the terms of this verbal lease, because it would be in violation of the act of Assembly referred to. The only way that Mr. Stover can recover at all would be by showing that these defendants went into possession of the premises, and remained in possession during the time that the lease had to run ; if they did, then he would be entitled to recover the amount of rent they stipulated to pay ; for, if Cadwallader, Welsh & Co. went into possession of these premises, and enjoyed the fruits of that possession until the end of four years, they could not turn around, and refuse to pay him for their use and occupancy. So that, gentlemen of the jury, the whole case depends upon the fact of the possession by the defendants of this property. If the defendants went into possession of that property under a lease for a term of four years, and used and occupied it during the entire term of four years, then the plaintiff would be entitled to recover the $400, which would have been due on the 1st day of April, 1871, according to the terms of the lease. But if the defendants were not in the possession of the property up to the 1st day of April, 1871, but were only in possession from the 1st of April, 1867, down to the 1st of April, 1870, then we are met with another act of Assembly known as the statute of limitations, for this suit was not brought until some time in 1877, which would be more than six years after the defendants went out of possession of the property. If the testimony is correct,

[Stover *v.* Cadwallader *et al.*]

that the defendants went out of possession of the property
in April, 1870, and this action of the plaintiff was brought
more than six years thereafter to recover the rent due for
the use and occupancy, the plaintiff would be barred from
recovering by this statute of limitations, and, under this state
of facts, your verdict must be for the defendants.]

\* \* \* \* \* \* \*

" [Then, we have, in addition to that, the testimony of Mr.
Wilt, who was one of the firm of Welsh & Wilt—who stated
that this firm commenced operation in March, 1870 ; that they
bought out the firm of Cadwallader, Welsh & Co., or had
bought out the interest of two of the members of that firm,
Cadwallader's and Sanderson's], and Mr. Welsh, the other
member of the old firm of Cadwallader, Welsh & Co., and
himself formed a copartnership, and carried on a similar
business, under the firm-name of Welsh & Wilt.

\* \* \* · \* \* \* \*

" [Now, gentlemen of the jury, this whole case depends,
according to our view of it, upon the question of fact,
whether Welsh & Wilt were in possession of the factory from
the 1st of April, 1870, to the 1st of April, 1871. If they
were, then the plaintiff cannot recover in this case, and your
verdict must be for the defendants, because his right to re-
cover depends entirely upon the defendants being in posses-
sion of these premises from the 1st of April, 1867, to the 1st
of April, 1871.] This lease can be used by Mr. Stover, for
the purpose of determining the amount of compensation he
would be entitled to receive for the use and occupancy of the
premises by these defendants. We have been requested to
answer some written points, presented by plaintiff's counsel,
which we will now read and answer.

\* \* \* \* \* · \* \*

" Answer to 2d Point: This point we refuse, because it
would virtually be allowing the plaintiff to enforce specifi-
cally the terms of a verbal lease exceeding three years.

" Answer to 3d: Well, that would be so, gentlemen of the
jury, if the evidence shows that Cadwallader, Welsh & Co.
had been in possession of those premises for the entire term
of four years.

" Answer to 4th: We do not know of any evidence, gen-
tlemen of the jury, going to show that Welsh & Wilt went
in there claiming possession under Cadwallader, Welsh &
Co. There is no such evidence, so far as we recollect it,
that they went into possession, and leased the premises from
Cadwallader, Welsh & Co.; therefore, this point is refused.

[Stover *v.* Cadwallader *et al.*]

" Now, gentlemen, it will be for you to determine, under all of the evidence, whether Cadwallader, Welsh & Co. were in possession of those premises for four years, from the 1st of April, 1867, to April 1st, 1871 ?  If they were, then the plaintiff is entitled to recover, and your verdict should be for the plaintiff.  But if, on the other hand, the evidence shows that Welsh & Wilt went into possession of the premises on or before the 1st of April, 1870, and continued in possession to the 1st of April, 1871, the plaintiff would not be entitled to recover, because his claim would be barred by the act of Assembly, known as the statute of limitations, and your verdict should be for the defendants."

Counsel for plaintiff excepted to the charge and the answers to the points.

May 12, 1881.  Verdict for defendants, on which judgment was afterward entered.

The plaintiff then took out a writ of error, assigning as errors the answers to the points as above and those portions of the charge within brackets.

*J. R. Youngman* and *C. G. Furst,* for plaintiff in error.

The possession, from April, 1870, to April, 1871, of the leased premises by F. M. Welsh himself, or with any one he might choose to have with him, as employé or partner, could not in any way affect the plaintiff, but was, as far as the plaintiff is concerned, the occupation of Cadwallader, Welsh & Co., the defendants.  No notice, written or verbal, was at any time given to the plaintiff that the defendants had determined the parol lease; had ceased to hold as his tenants, or that they had ceased to occupy the leased premises ; nor was he notified of a dissolution of the firm of Cadwallader, Welsh & Co.  Under the foregoing circumstances it would be grossly unjust, that the plaintiff should be prejudiced by any right that R. R. Wilt might have acquired in the last quarter of the term under F. M. Welsh, or Cadwallader, Welsh & Co.

Where premises are let for a certain term, to three persons, and one holds over after the expiration of the term, with the consent of the others, all are liable for the rent for so long as the one continues actually to occupy : Christy *v.* Tancred, 9 Meeson & Welsby, 438.  If the lessee of lands permits another to occupy them, the former is liable, and the rent may be recovered in an action against him for use and occupation : Bull *v.* Sibbs, 8 Term Reports, 327.  In Grant *v.* Gill, 2 Wharton, 44, Sergeant, J., says :  It is not necessary in order to render the defendants liable in *assumpsit* for use and occupation, that they should actually hold the posses-

[Stover v. Cadwallader et al.]

sion for the whole time. It is enough that the defendants became tenants by contract, and retained the control of the premises. If occupation for the whole time were necessary, the defendants could defeat a recovery by stepping out a few days before the end of the term: See McGunnagle v. Thornton, 10 S. & R , 253.

Recourse may be had to the parol agreement under which the premises were occupied, to determine the amount of rent due, though the agreement be void under the statute of frauds: De Medina v. Polson, 1 Holt, 47. The statute of frauds is satisfied by restricting its effects to the avoidance of the lease as to the duration of the term, yet the contract will remain in all other respects: Smith on Contracts, 5 Ed., note 1, 129. A lessee occupying under a parol lease for more than three years, void by the statute of frauds, is nevertheless bound by his stipulation to repair, such undertaking being part of the void lease: Richardson v. Gifford, 3 Nevile & Manning, 325. In the action for use and occupation between strangers, the plaintiff must prove a contract either express or implied: If there be proof of an express contract the plaintiff may recover according to its terms : Henwood v. Cheeseman, 3 S. & R., 500. But between tenants in common there can be no recovery in this action, unless an express contract to pay rent be proven : Kline v. Jacobs, 18 P. F. S., 59. During the whole time of the occupancy by the defendants, under the said parol agreement with the plaintiff, whether that occupancy was for three quarters, or for the term of four years, their estate was but an estate at will, made so by the express provision of the statute of frauds, and on the determination of an estate at will, the law is careful that no sudden determination of the will by one party, shall tend to unforeseen prejudice of the other, and if the will be determined by the lessee, the current rent shall be paid up to the time the same becomes payable by the terms of the lease: 2 Blackstone, 146. By this doctrine governing the payment of rent where the lessee determines the estate at will, had there been here a determination of the estate by the defendants, the plaintiff would be entitled to recover for use and occupation to the end of the term, for the rent was accruing from the beginning of the term and not payable till the end.

That the plaintiff's action under the parol agreement did not occur before April 1st, 1871, is ruled in McDowell v. Simpson, 3 W. 137.

C. S. McCormick, for defendants in error.

[Stover *v.* Cadwallader *et al.*]

How does the possession of Welsh & Wilt after the firm Cadwallader, Welsh & Co. was dissolved—Sanderson, a member of the firm, had leased his interest to the new firm, and Cadwallader had left the county—work a continuance of the possession of the latter firm? There is clearly nothing in the written contract, by which Sanderson and Cadwallader sold to Welsh, indicating that they intended to continue the alleged verbal lease. The assumption of the liabilities of the concern by Welsh indicates the contrary. The retirement of Cadwallader and Sanderson from the firm, and its dissolution meant that the firm should create no new liabilities, and no person was authorized to create them.

The action for use and occupation recovers not the rent but the reasonable damages. It does not enforce the contract but uses the agreed rent reserved to determine the amount of the damages. This being so, can the contract be used to show that the price of the use and occupation of the land is not due until the expiration of a whole year after the defendants had ceased to use and occupy the land? No case cited by counsel goes any such length. If the contract were valid, an action based upon the contract might recover the entire rent. But the action for use and occupation cannot be used to enforce a void contract. If the plaintiff may use this contract to fix the maturity of the payment more than one year after defendants ceased to occupy the premises, it is in effect specifically enforced. This the law will not permit: Kline *v.* Jacobs, 18 P. F. Smith, 59 ; Sausser *v.* Steinmetz, 7 Norris, 326. The jury have found that Cadwallader, Welsh & Co. ceased to occupy the premises in April, 1870.

MAY 8th, 1882.—PER CURIAM: By the provisions of the statute of frauds, March 21st, 1772, 1 Sm., L., 389, all parol leases exceeding the term of three years from the making thereof, shall have the force and effect of leases or estates at will only, and shall not either in law or equity be deemed or taken to have any other or greater force or effect, any consideration for making any such parol leases or estates, or any former law or usage to the contrary notwithstanding. Where an annual rent is reserved, such leases are now construed to be leases from year to year. In this case there was a parol lease for four years, the consideration a round sum of four hundred dollars payable at the end of the four years. It was clearly only a lease at will. No doubt the consideration might have been adopted as the measure of compensation for the use and occupation. The will might have been determined at any time by either party. Here it

was determined at the end of the first three years, and the lessees abandoned the possession. So the jury have found. It is clear then that the case was submitted to the jury with proper instructions, and the assignments of error are not sustained.

Judgment affirmed.