## Proctor, Appellant, *v.* Benson, Admr., etc.

*Executory contract—Option to lease.*

An agreement providing that, upon the completion by defendant of a certain railroad within a certain time, plaintiff will lease to defendant his iron ore interests in certain places at a royalty not exceeding a specified sum per ton, and providing for minimum royalties and for the renewal of the lease, is not a lease and rent cannot be claimed under it, the defendant not having mined any ore or called for or accepted a lease, although the railroad was completed within the time fixed.

Argued April 26, 1892.   Appeal, No. 184, Jan. T., 1892, by plaintiff, Thomas E. Proctor, from judgment of C. P. Crawford Co., Feb. T., 1889, No. 54, compulsory nonsuit.   Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Assumpsit for royalties on iron ore.

This suit was brought against Robert D. Benson, administrator of B. D. Benson, on the following agreement:

" Whereas, Byron D. Benson, of Titusville, in the state of Pennsylvania, is projecting the construction of a railroad from the village of Carthage, in the county of Jefferson and the

state of New York, to the iron mines of Jayville, to the town of Pitcairne, county of St. Lawrence, New York state, and is now engaged in securing the necessary means to bring such a project to completion.

" And whereas, Thomas E. Proctor, of the city of Boston, in the state of Massachusetts, fully believes that the construction of the above projected railroad would benefit his tanning land and mineral interests in the counties of Jefferson, Lewis and St. Lawrence, and therefore, desires to promote and aid such scheme and assist in obtaining necessary means to carry out the same.

" Now, therefor, be it known that I, the said Thomas E. Proctor, in consideration of the sum of one dollar to me paid and of further consideration, hereby agree with the said Byron D. Benson, his heirs, associates and assigns, that upon the completion of the said railroad by the said Benson, his associates or assigns, at any time within one year from the date of these presents I will lease to said Benson, his associates or assigns, all my iron ore interests and rights which have become vested and remain vested in me at the date of these presents by reason of all my land purchases in the town of Diana, county of Lewis, and in the towns of Pitcairn, Fine, Sarahsburg and Bloomfield, in the county of St. Lawrence, state of New York, for the term of twenty years from the date hereof, at a royalty of not exceeding twenty-five cents per gross ton of 2240 pounds of the iron ore raised by said Benson or assigns, which royalty shall be paid to me or to my heirs, representatives or assigns on monthly shipments of the ore, except such sums as may have been previously paid to me as hereinafter provided.

" The condition of this agreement shall be admitted by me as absolutely and satisfactorily fulfilled on the part of said Benson, his associates or assigns, whenever within one year from the date hereof, the aforesaid projected railroad is completed between the said village of Carthage and the Jayville Iron Mines, either of broad or narrow-gauge and properly ironed and shall have been in use for thirty days with freight and other trains, and thereupon and forthwith I shall execute unto the said Benson and associates or assigns the lease of mineral interests and rights above mentioned.

" But in the case of failure on the part of the said Benson

and associates or assigns to complete said road within the time above stated, this agreement shall be null and of no effect.

" This agreement is made upon the further condition that there shall be paid by said Benson or assigns on account of the royalty on iron ore at least seven hundred and fifty dollars per quarter, commencing October 1, 1888, said sum is also to be paid on the first day of January, in 1889, and on the first day of January, April, July and October in each year thereafter until and including April 1, 1890. And on and after the first day of July, A. D. 1890, the royalty to be paid shall be twelve hundred and fifty dollars per quarter, amounting to five thousand dollars per annum during the continuance of this contract, or of the lease executed in accordance with the terms of this agreement, and such further sum as the quantity of ore shipped may amount to in excess of five thousand dollars at the royalty per ton hereinbefore agreed upon.

"Said amounts of three thousand dollars or five thousand dollars per annum are to be paid as above, whether the royalty on iron ore mined has amounted to said amounts or not, and upon default of any of above quarterly payments for thirty days this agreement, or the lease executed in accordance with the terms hereof, shall be null and of no effect. No interest shall be charged by said Benson or his assigns upon any payments made in advance of the mining of the ore as herein provided. This agreement is made upon the further condition that there shall be constructed, within one year from the date hereof, spur tracks with sufficient sidings to accommodate my business from the railroad to be constructed by said Benson or assigns, to each of my tanneries at Harrisville and Natural Bridge respectively. But I agree to obtain the right of way for said spur tracks and to grade the same.

" And I further agree that at expiration of the aforesaid lease said Benson or assigns shall have the privilege of renewing the same for a further period of twenty years at such a royalty as the cost and market value of the iron ore shall warrant fair and equitable, and to be adjusted by three arbitrators selected for the purpose, and it is further agreed that all damages arising from operation of mining, searching roads, etc., under the agreement or lease made in accordance with the terms of this agreement shall be paid by said Benson or assigns, and that

the said damages shall be adjusted amicably, and that claims for the same shall not exceed the local average value of the part of the premises occupied or damaged by said mining operations. But it is expressly agreed that the said Benson, his heirs or assigns shall pay me all damages to my land or structures or trees thereon caused by said operations. It is further expressly agreed that I shall not be held liable for the loss of title to any of the lands intended to be part of the aforesaid conveyance and lease which may occur at any time hereafter by reason of any state or county sale.

"Dated at New York city, state of New York, this nineteenth day of March, A. D. 1886.

THOMAS E. PROCTOR.

Witness:

THEODORE HARRIS.

I agree to the foregoing.                    B. D. BENSON.

Witness:

SAM Q. BROWN."

On the trial the building of the railroad as contemplated was admitted. Defendant had not mined any of the ore. Plaintiff claimed that $750 was due October 1, 1888, as the minimum royalty under the agreement. The court below entered a compulsory nonsuit and afterwards discharged a rule to take it off in an opinion by HENDERSON, P. J., holding that the agreement was executory, Ogden v. Brown, 33 Pa. 249, and that, as Benson had not called for or accepted the lease, his estate was not liable.

*Error assigned* was the refusal to take off the nonsuit.

*Joshua Douglass*, with him *Arthur L. Bates* and *Haskins & McClintock*, for appellant, cited Watson v. O'Hern, 6 Watts, 362; Moore v. Miller, 8 Pa. 272; Johnston et al. v. Cowan, 59 Pa. 275; Bussman v. Ganster, 72 Pa. 285, and Kemble Coal and Iron Co. v. Scott et al., 90 Pa. 332.

*Roger Sherman* and *Samuel Grumbine*, not heard, for appellee.

PER CURIAM, May 23, 1892:

The court below committed no error in holding that the contract between the plaintiff and the defendant was not a lease. The most that can be claimed for it is, that it gave an option

to B. D. Benson, defendant's intestate, to mine iron ore on the plaintiff's property in the townships and counties named in the contract. It does not contain the usual terms and appropriate words of a lease. On the contrary, it expressly provides for the execution of a lease in the future. The agreement recites that the plaintiff fully believes that the construction of the railroad in question would benefit his tanning land and mineral interests in the counties named, and for this reason he desires to promote the scheme for the construction of the railroad, and to assist in obtaining the necessary means to carry out the same. The agreement further recognizes the fact that the said Benson was at that time engaged in promoting the building of said railroad. The benefit to the plaintiff was the construction of the road, and he agrees that if the said Benson, or his associates or assigns, shall complete the road within one year of the date of the agreement, he will execute to Benson a lease for the mining rights aforesaid. If not completed within one year, the agreement to be null and void. Whatever may be the legal effect of the agreement, it certainly is not a lease, and the plaintiff is not entitled to claim rent of Mr. Benson under it. We are of opinion that it was not error to refuse to take off the nonsuit.

Judgment affirmed.