# Henderson *v.* Schuylkill Valley Clay Manufacturing Company, Appellant.

*Landlord and tenant—Agreement for lease—Rent.*

An agreement for a lease vests no estate in the proposed lessee, and consequently the stipulated return cannot be recovered as rent. An action for its breach may be maintained by either party against the one in default. On the part of the proposed lessor, in ·the absence of special damage this is substantially an action for use and occupation, if the proposed lessee has taken possession.

A lease was for a fixed term of eleven months " with the privilege of two additional years on the same terms." A subsequent clause provided that " either party may terminate this lease at the end of said term by giving the other notice thereof, at least one month prior thereto," and that in

default of such notice the lease should continue from year to year until terminated by like notice. The lessee gave notice of his intention to quit at the end of the first additional year. Before this year had expired the lessor agreed to give a new lease to begin at the end of the first additional year. He, however, subsequently: refused to execute this lease, and the lessee removed from the premises at the end of, the first additional year after having paid the rent to that date. *Held,* that the lessor had no right of action against the lessee.

Argued Dec. 15, 1903. Appeal, No. 253, Oct. T., 1902, by defendant, from order of C. P. No. 2, Phila. Co., Sept. T., 1902, No. 1406, making absolute rule for judgment for want of a sufficient affidavit of defense in case of William H. Henderson v. Schuylkill Valley Clay Manufacturing Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit for rent.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*George C. Bowker,* with him *Joseph A. McKeon,* for appellant.—In all the cases thus far decided in Pennsylvania, it has been held that where the lessee has the option of extending the term and continues in possession after the expiration of the original term, the very fact of remaining in possession is an exercise of the option, and he thus becomes a tenant for the term fixed in the option.

But all these cases differ from the one at bar in this very important aspect. In all the adjudicated cases, there existed in the lease no power or authority by which the lessor could interfere with or prevent the exercise of the option. The power to make the lease a lease for the original term and the additional term, provided for in the option, rested exclusively and solely with the lessee.

There was no mutuality of control over the term of the lease: Lipper v. Bouvé Crawford & Co., 6 Pa. Superior Ct. 452.

This is not the case of an attempt to alter a written instru-

ment by oral testimony, but is an absolute rescission of the lease : Rohbock v. McCargo, 6 Pa. Superior Ct. 134.

*George Henderson*, for appellee.—It is submitted that under the authorities in Pennsylvania, where there is a stipulation in a lease for the privilege of additional years, and the tenant remains on after the expiration of the original term, the law conclusively presumes that the holding over is in accordance with an election to accept the privilege for the additional years, as nominated in the lease : McBrier v. Marshall, 126 Pa. 390 ; Harding v. Seeley, 148 Pa. 20 ; Cairns v. Lewellyn, 2 Pa. Superior Ct. 599 ; Lipper v. Bouvé Crawford & Co.,6 Pa. Superior Ct. 452; Delashman v. Berry, 20 Mich. 292; Montgomery v. Commissioners, 76 Ind. 362; Kramer v. Cook, 73 Mass. 550 ; Long v. Stafford, 103 N. Y. 274 (8 N. E. Repr. 522).

OPINION BY SMITH, J., March 14, 1904 :

In this case the lease, in the first instance, fixed the term at eleven months from June 15, 1900, at a specified rental, " with the privilege of two additional years on the same terms." Had there been nothing further in relation to the term, occupancy by the lessee after May 15, 1901, would have been an election to hold for the two additional years. But a subsequent clause provided that " either party may determine this lease at the end of said term by giving the other notice thereof, at least one month prior thereto," and that in default of such notice the lease should continue from year to year until terminated by like notice. This gave the lessors power to defeat the lessee's election, by determining the lease on his own part, at the end of the term, or of any year, by a month's notice, and in default of this notice gave the lessee the right to remain as tenant from year to year. Where the terms of a grant are ambiguous or self-contradictory, they are to be construed most favorably to the grantee. Hence, in this case, the lessee had the right, at his election, to hold for two additional years, under the first clause of the lease, notwithstanding notice by the lessor under the second, or to quit at the end of the first additional year, under the second clause. He elected to do the latter, and in accordance with his notice

the term expired May 15, 1902. Meantime, on or about May 9, the parties came to an agreement for a monthly lease, and the lessor promised that the lessee should have a monthly lease from May 15, 1902, at the monthly rental of $33.34. On or about May 15, the lessee called on the lessor for the lease, and was informed that it would be prepared and left at his office on the following morning. This, however, was not done, and the plaintiff refused to execute a lease. The defendant, after another demand for a lease, which was disregarded, removed from the premises before June 15, 1902, and paid the rent to that date.

The lease having expired May 15, 1902, the defendant no longer held the premises as lessee under its terms. Thereafter he occupied under an agreement for a lease. The plaintiff's refusal to execute the lease did not convert this occupancy into a tenancy for an additional year, or from year to year, under the lease. The lease had been determined by the election of the lessee. Therewith were determined the lessor's rights under it, and he was left with no claim except under the agreement for a lease which he had refused to carry out.

An agreement for a lease vests no estate in the proposed lessee, and consequently the stipulated return cannot be recovered as rent. An action for its breach may be maintained by either party against the one in default. On the part of the proposed lessor, in the absence of special damage, this is substantially an action for use and occupation, if the proposed lessee has taken possession. The case in hand, however, is an action on the lease, to recover rent alleged to have accrued for a period beginning May 15, 1902. To this, it is a full defense that the lease was determined, in accordance with its terms, on that date. An action on the agreement cannot be sustained by the plaintiff, since he is the party in default; and as to any claim for use and occupation, the defendant has paid the stipulated price for the full period of his occupancy.

The matters set forth in the affidavit of defense are sufficient to bar judgment for the plaintiff.

Judgment reversed and procedendo awarded.