# Horine *v.* Mengel, Appellant.

*Trusts and trustees—Equity—Accounting—Remedy—Laches.*

Where a person acts as trustee for others of a fund raised by the sale of property, and the accounts of the trust are involved and complicated, a bill in equity is the proper remedy against the trustee for an accounting. In such a case a delay of eight years will not relieve the trustee of an accounting where it appears that the trustee was an attorney at law, and that several years were spent by other attorneys in endeavoring to secure settlement without suit.    The statute of limitations has no application in such a case.

Argued Nov. 15, 1905.    Appeal, No. 176, Oct. T., 1905, by defendant, from decree of C. P. Equity Docket 1904, No. 865, on bill in equity in case of M. C. Horine v. Ralph H. Mengel. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Bill in equity for an accounting.
The opinion of the Superior Court states the case.

*Error assigned* was the decree for an accounting.

*Cyrus G. Derr*, with him *Ralph H. Mengel*, for appellant.— When by a dismissal of all other matters a bill in equity is reduced to one simply praying that the appellant pay to the appellee a fixed sum of money, such bill because there is adequate remedy at law becomes unmaintainable.

Where the appellee in a bill has allowed more than eight years to elapse after the accruing of his claim before initiating his proceeding, and the appellant pleads laches and that the claim is stale, the bill should be dismissed because equity follows the analogy of the statute of limitations, wherefore the appellee in this case having allowed more than eight years to elapse before filing his bill, and the appellant having availed himself of the plea of laches and staleness of claim, the bill should have been dismissed: Neely's App., 85 Pa. 387; Ashhurst's App., 60 Pa. 290; Gandolfo v. Hood, 1 Pears. 269; Spering's App., 71 Pa. 11; Campbell v. Boggs, 48 Pa. 524; Guarantee Trust, etc., Co. v. Natl. Bank, 202 Pa. 94.

*C. H. Ruhl,* with him *B. Y. Shearer,* and *Joseph R. Dickinson,* for appellee.

OPINION BY BEAVER, J., January 13, 1906:

The defendant was a trustee for the plaintiff and nine or more other persons who were interested in a fund raised by the sale of the estate of Paul C. Horine. This fact is not only found by the court but is stated by the defendant himself in the account which he rendered of the management of the fund. The caption of the statement of receipts and expenditures is : " The account of Ralph H. Mengel, trustee of funds of Paul C. Horine in my hands to pay off claims of John N. Obold et al." He also signs the account as " Counsel and Trustee for P. C. Horine Fund." The finding of the court, therefore, based upon the defendant's own admission and upon the very nature of the transaction, is scarcely open to question. Defendant was a trustee. He represented a variety of interests. His payments for costs, charges and expenses in reference to all of the parties for whom he was a trustee were involved. This being settled, was the plaintiff's remedy equitable or legal ?

We have lately considered this question in Burton v. Trainer, 27 Pa. Superior Ct. 626, in which what was said in Reeside's Executor v. Reeside, 49 Pa. 322, is quoted, and the later cases considered. We have no doubt, from a consideration of all the cases, that the plaintiff's remedy was in equity.

It is true that the bill was filed eight years after the rendi-

tion of the statement of his receipts and expenditures by the defendant. The court, however, took into careful consideration all the facts connected with that statement and the time when the plaintiff was enabled to secure a copy thereof, together with the fact of his serious illness, and the further fact that for four years several attorneys employed by the plaintiff from time to time ineffectually labored to secure a settlement on the part of the defendant. The court very properly observes that, "As to the question of laches, what constitutes laches and what not depends upon circumstances; nor are the natural reluctance of members of the bar to proceed to extremities against one of their fellows, or the equally natural hesitation of clients to hale their attorneys into court circumstances to be treated as of little weight. It stands to reason that both the one and the other will resort to negotiations, persuasion, attempts at amicable arrangement as long as there appears any prospect of succeeding by these means." The delay in this case does not seem to us to have been either inequitable or hurtful to the defendant's interests.

The statute of limitations has no application here, as claimed by the defendant, because, by his own admission, the funds in his hands were trust funds and the statute has no application "to express trusts cognizable in equity."

The refusal of the court below to sustain the defendant's exceptions to the findings of fact for the most part constitutes the remainder of the assignments of error. Although numerous, they need not be considered in detail here. We have, however, carefully examined them in connection with the testimony and are unable to find any failure on the part of the court to fairly weigh all the facts in the case and, in weighing them, to reach a right conclusion.

The case was heard with patience, the findings of fact are set forth in detail and are again considered by the court in its opinion, dismissing the exceptions filed thereto. Both the original findings and the conclusions of law based thereon and the opinion of the court dismissing the defendant's exceptions are exhaustive and are their own best justification. We can say nothing which would add to their strength or clearness.

The decree is affirmed and the appeal dismissed at the costs of the appellant.