## Canonico, Appellant, v. Lucente.

*Landlord and tenant—Option for additional term—Notice.*

Where a lease provides for a letting for one year "with the right for a further term of four years," and the lessee holds over, the holding over is sufficient notice to the lessor of an election to exercise the privilege. In such a case no other notice is necessary.

Argued May 6, 1909. Appeal, No. 204, April T., 1909, by plaintiff, from judgment of C. P. Somerset Co., Dec. T., 1906, No. 249, on verdict for defendant in case of Augustino Canonico v. Joseph Lucente et al. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Ejectment for a lot of ground in Summit township. Before KOOSER, P. J.

At the trial title was conceded to have been in Wm. Boor who on November 16, 1905, leased the premises to A. Lucente, one of the appellees, "for the term of one year, from said date, . . . . with the right for a further term of four years from the 15th day of November, 1906." The lease also contained the following clause: "It further being agreed and understood between the parties hereto, that the party of the sec-

ond part shall not be permitted to sell or assign this Agreement without the written consent of first party." On August 30, 1906, Wm. H. Boor and wife conveyed the premises to the appellant by deed which was duly recorded and on the same day the lease was assigned by Boor to the appellant. Canonico claiming that the lease had been forfeited by reason of an assignment or sale from A. Lucente to Joseph Lucente, on September 4, 1906, gave notice to the party in possession, J. Lucente, to vacate the premises in thirty days. The defendant denied any sale or assignment and no attention was paid to this notice, and the first year, or first term of the lease having expired on November 15, Canonico instituted this action of ejectment on November 17, 1906. On December 31, 1906, the defendant filed a motion to set aside the service of the writ, etc., and on December 12, A. Lucente, the original lessee, filed a petition to intervene as defendant and the proceedings in the attempt to set aside the service of the summons and rule of reference were pending in court until January 22, 1907, when they were disposed of by the court, the rule of reference being set aside and the motion to set aside the service of the writ being overruled. On February 1, 1907, the defendants filed their pleas, answer and abstract of title.

No notice was ever given by lessee to Canonico or to Boor, the original lessor, of an intention to occupy the premises for the further term of four years. On the trial of the case appellant contended that in the absence of notice of an election by the lessee the landlord had a right to treat him as a trespasser and maintain his action of ejectment, but the court held that the mere holding over by the tenant was sufficient notice to the landlord, and that no other notice of election on his part was necessary.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in refusing binding instructions for plaintiff.

*W. H. Ruppel*, for appellant.—Where the landlord wishes to resort to the remedies provided by the acts of 1772 and 1863

it is necessary to give the three months' notice, but where the action of ejectment is resorted to for the recovery of possession no such previous notice is necessary: Lesley v. Randolph, 4 Rawle, 123; Logan v. Herron, 8 S. & R. 459; Overdeer v. Lewis, 1 W. & S. 90; Hemphill v. Flynn, 2 Pa. 144; Evans v. Hastings, 9 Pa. 273; McCanna v. Johnston, 19 Pa. 434; Rich v. Keyser, 54 Pa. 86; Williams v. Ladew, 171 Pa. 369; Smith v. Littlefield, 51 N. Y. 539.

While the question here presented has not perhaps been squarely decided by the courts of our state yet we think an examination of the cases will lead to the conclusion that our contention is a proper one: Phillips v. Monges, 4 Whart. 226; Times Co. v. Siebrecht, 15 Phila. 235; Pollman v. Morgester, 99 Pa. 611; Harding v. Seeley, 148 Pa. 20; Cairns v. Llewellyn, 2 Pa. Superior Ct. 599; Lipper v. Bouvé, Crawford & Co., 6 Pa. Superior Ct. 452; Wynkoop v. Argue, 33 Pa. Superior Ct. 26; Schuyler v. Smith, 51 N. Y. 309; Andrews v. Marshall Creamery Co., 60 L. R. A. 399.

*A. L. G. Hay,* with him *Valentine Hay,* for appellee.—We contend that if there is any ambiguity in the lease, or if the term is of doubtful duration, that it must be construed most favorably to the tenant: Kaufman v. Liggett, 209 Pa. 87; Harding v. Seeley, 148 Pa. 20; Cairns v. Llewellyn, 2 Pa. Superior Ct. 599.

A holding over by a tenant who has an option for an additional term is notice to his landlord of his election to exercise his privilege, is generally held in this country: Rohboch v. McCargo, 6 Pa. Superior Ct. 134; Harding v. Seeley, 148 Pa. 20; Gilbert v. Price, 18 Pa. Superior Ct. 359.

OPINION BY HENDERSON, J., July 14, 1909:

The defendants set up as a defense to the action a lease in writing executed by the plaintiff's vendor granting the premises described in the writ to A. Lucente, one of the defendants, for the term of one year from November 15, 1905. The lease also contained the following provision: "The party of the second part to have the right to said lot of ground and the stable in the

rear for one year, from said date with the right for a further term of four years from the 15th day of November, 1906." The plaintiff afterward bought the title of the lessor and now claims the right of possession because the lessee did not give him notice before the expiration of the term that he intended to remain in possession for the further term. The court refused to affirm the plaintiff's third point to the effect that if the lessee desired to retain the premises for the further period of four years it was his duty to give notice of such election to the landlord at or before the end of the year. Our attention has not been called to any cases in this state which support the appellant's position. Those cited by the learned counsel are cases where the tenant held over without any contract for an additional term or where there was a provision in the lease for notice of an intention to exercise the option. It was in the power of the lessor to provide for notice if it were to his advantage that it be given and we ought not to introduce into the contract a provision which he did not put there. Every man's grant is to be taken most strongly against himself. The tenant had the privilege under the lease of continuing in possession for an additional period of four years. He chose so to do and remained in possession after the end of the first period. No other notice of his intention to exercise his right to an extension of the term was necessary. This is the decision in Lipper v. Bouve, Crawford & Co., 6 Pa. Superior Ct. 452, wherein President Judge RICE carefully considered the point and cited numerous authorities to that effect, among which is Harding v. Seeley, 148 Pa. 20, in which it was said that it is generally held in this country that a holding over by a tenant who has an option for an additional term is notice to his landlord of his election to exercise his privilege. It is unnecessary to elaborate the discussion of the case, as we consider it settled by the authorities referred to.

The judgment is affirmed.