# Goldstein et ux. *v.* Nichols, Appellant.

*Landlord and tenant—Lease—Option to purchase—Oral notice of election to accept—Principal and agent—Statute of frauds—Lease at will.*

1. Where an owner of real estate does not give to an agent written authority to execute a lease with an option to purchase contained therein, a lease of the premises for four years and three months with such option, executed by the agent, but not ratified in writing by the owner, falls within the statute of frauds, and the estate created by the lease is one at will only, and the option is unenforceable.

2. Under the provisions of the statute of frauds, a lease unauthorized in writing is not an absolute nullity, but is merely reduced to a lease at will.

Argued January 11, 1922. Appeal, No. 105, Jan. T., 1922, by defendant, from order of C. P. No. 2, Phila. Co., March T., 1921, No. 1108, discharging rule to open judgment, in case of Isaac Goldstein and Pauline Goldstein v. William Nichols. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Rule to open judgment. Before STERN, J.
The opinion of the Supreme Court states the case.
Rule discharged. Defendant appealed.

*Error assigned* was order, quoting record.

*William E. Caveny,* for appellant.—The paper executed by defendant (appellant) and Cohen was something more than a lease; it operated to vest in him an equitable title to the land in question: Peoples St. Ry. v. Spencer, 156 Pa. 85; Ackerman v. Fisher, 57 Pa. 457.

The act of an agent, not properly authorized, may be ratified by the principal and is then binding on both parties: McClintock v. Oil Co., 146 Pa. 144.

*Henry Arronson,* for appellees.

PER CURIAM, February 20, 1922:

Defendant's petition is for a rule to show cause why a judgment in ejectment entered on a lease should not be opened. On October 7, 1916, Harry S. Cohen, as agent, leased in writing to defendant, for the term of four years and three months, the premises No. 3400 and 3402 Kentucky Avenue, Philadelphia, with an option to lessee to purchase the property on or before January 1, 1917, for the sum of $10,000 clear of encumbrances. The court below refused to open the judgment and this appeal fol-

lowed. Defendant contends that previous to January 1, 1917, he gave oral notice to Goldstein, the owner of the premises, of his election to exercise the option contained in the lease, to which Goldstein replied that he was unable to convey owing to an outstanding mortgage on the property. Nothing further was done in the matter until November 24, 1919, the property in the meantime having advanced considerably in value, when defendant again informed Goldstein he would take the property at the option price. He did not, at that time, or since, make a tender of the purchase money. Goldstein denied having either authorized or ratified the option contained in the lease made by Cohen and notified defendant to vacate and, upon his refusal to do so, judgment in ejectment was entered on the lease and a writ of habere facias issued. It appeared the agent had oral authority to make a lease of the premises. The court below refused to open the judgment and this appeal followed.

Defendant rested his case upon his right to exercise the option. The following extract from the opinion of the court below sufficiently answers defendant's contention: "The testimony is undisputed that Harry S. Cohen was not authorized in writing by Goldstein to execute either the lease or option contained therein, neither did Goldstein or his wife [the property in the meantime having been transferred to Mrs. Goldstein] ever ratify the lease or option in writing. The testimony is conflicting as to whether Goldstein knew and orally approved of the option given in the lease, but whatever be the fact in regard to that it is clear that, in the absence of written authorization or written ratification, the lease and the option contained therein fall within the provisions of the statute of frauds, with the result that the estate created by the lease was one at will only and that the option is unenforceable by the lessee: Lewis v. Bradford, 10 Watts 67; Parish v. Koons, 1 Parson's Select Equity Cases 79; McDowell v. Simpson, 3 Watts 129......
Therefore, in the ejectment proceedings, they do not

ratify, but, on the contrary, repudiate the option. It is true that they accepted an assignment of the lease and utilized it for the purpose of causing judgment in ejectment to be entered under its terms. But it must be remembered that, under the provisions of the statute of frauds, a lease unauthorized in writing is not an absolute nullity, but is merely reduced to a lease or an estate at will, and therefore there would not seem to be any inherent inconsistency in the legal status of the case claimed by the plaintiffs on the one hand and their acceptance of the assignment and the legal proceedings employed by them on the other. To hold otherwise would be not only to impose a hardship upon a party in such cases and to deprive him of the benefit of the statute of frauds, but, and more important, to defeat the purpose of the statute itself."

The judgment of the court below is affirmed.