C. A. B. Zook, Appellant, *v.* S. K. Zook.

Argued November 9, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and STADTFELD, JJ.

*G. T. Hambright,* and with him *John E. Malone,* for appellant.

*Charles G. Baker,* for appellee.

OPINION BY STADTFELD, J., December 11, 1931:

The plaintiff was the owner of a store building located on the west side of North Queen Street, in the City of Lancaster, numbered Nos. 52 and 52½. On August 4, 1926, the following agreement was signed between the plaintiff and the defendant:

August 4, 1926.

I hereby agree to rent from C. A. B. Zook the building known as 52 and 52½ N. Queen Street, Lancaster, Pa., under the same terms and conditions as the J. E. Myers lease which covers the above mentioned property, at $7,500 per year, for a period from August 15, 1926, to April 1, 1929.

It is understood that the rent for the month of August shall be $312.50.

This lease is to be signed and delivered not later than August 7, 1926.

It is further understood that $937.50 covering rent for the month of August and September shall be paid at the time the lease is signed and delivered.

Witness:

| Saml. C. Lentz | S. Kurtz Zook. |
| Saml. C. Lentz | C. A. B. Zook. |

No subsequent lease was ever signed or delivered, the defendant having refused to sign a lease which the plaintiff subsequently had prepared and which he

himself had signed. The defendant never entered upon the premises and he never tried to obtain possession; nor did he ever pay any rent for the same.

An action was brought by plaintiff to recover the sum of $2,187.50, with interest, as rent claimed to be due for the months of August, September and October of 1926.

An affidavit of defense was filed, admitting the execution of the agreement, but averring that the same was obtained upon the faith of certain representations made by plaintiff to defendant as the inducing cause of signing the same, to wit, that the Myers lease, referred to in the agreement, was an "ordinary lease;" that in fact the Myers lease was not an ordinary lease, and was not such a lease as contemplated in the agreement, in that it contained provisions not usual to an ordinary lease, the same being specifically set forth in the affidavit of defense, but which are not necessary to here recite in detail, as admittedly there are many provisions in the Myers lease not common to an ordinary or straight lease. Defendant further denied the legal effect of the agreement as being a lease, and denied plaintiff's right to bring an action for the recovery of rent, as such, thereunder.

The case went to trial upon the issues thus raised, and was submitted by the court to the jury upon two questions, to wit: (a) was the agreement on which the action was brought intended as a temporary lease between the parties, or was it only an agreement to enter into a lease at a future time; and (b) whether the agreement contemplated an ordinary or straight lease. The court instructed the jury that if the parties intended the agreement as a temporary lease, then they might find for plaintiff, provided they also found that the provisions of the Myers lease were known to defendant at the time he executed the agreement, even if the agreement provided for an ordinary lease. If,

on the other hand, the agreement was not intended as a lease, but only an agreement to enter into a lease at some future time, then the verdict should be for the defendant.

The jury rendered a verdict in favor of defendant.

Plaintiff assigns as error the charge of the court referred to above, as also the refusal to give binding instruction in favor of plaintiff.

The agreement on its face indicates that the parties contemplated the preparation and signing of a formal lease subsequent to the execution of the agreement. This, however, was never done. The agreement was an agreement to make a lease in the future and not a lease in itself.

In Proctor v. Benson, 149 Pa. 254, it was held that "an agreement providing that, upon the completion by defendant of a certain railroad within a certain time, plaintiff will lease to defendant his iron ore interests in certain places at a royalty not exceeding a specified sum per ton, and providing for minimum royalties and for the renewal of the lease, is not a lease, and rent cannot be claimed under it, the defendant not having mined any ore or called for or accepted a lease, although the railroad was completed within the time fixed;" and in Maitland v. Wilcox, 17 Pa. 231, it was held that "a mere arrangement of terms in contemplation of a written lease of a house for seven years is not a perfect agreement upon which an action for use and occupation, or for rent as due upon an actual lease, can be maintained, there being no evidence in the case that the parties intended the agreement to be operative before execution of the writing and without regard to it." In Henderson v. Clay Manufacturing Company, 24 Pa. Superior Ct. 422, it was said that "an agreement for a lease vests no estate in the proposed lessee, and consequently the stipulated return cannot be recovered as rent. An action for its breach

may be maintained by either party against the one in default;" and in Wilson v. Pennsy Coal Company, 269 Pa. 127, that "an agreement of terms, in contemplation of a written contract, is not a perfect agreement upon which an action can be maintained. To produce this effect, it must be shown, by the acts or declarations of the parties, that they intended the agreement to be operative before execution, and without regard to the writing." This same principle has been decided in other states. Thus, in Harrison v. Parmer, 76 Ala. 157, it appeared that a writing was drawn up and signed by both parties, and duly attested, at a first interview, which described the premises to be let, the commencement and duration of the term, and the amount of rent to be paid. There were also added the words that "Notes and papers to be drawn up as soon as convenient." It was held that this showed that the parties considered the transaction as incomplete, and that the writing was only an executory agreement for a lease. To the same effect are Griffin v. Knisely, 75 Ill. 411, and McGrath v. Boston, 103 Mass. 369.

The court would have been justified, under the facts, in giving binding instructions for the defendant. As, however, the facts were submitted to the jury, who found for the defendant, the plaintiff has no just cause for complaint.

If the defendant without cause, violated the terms of the agreement, an action could have been maintained for breach thereof, but not for rent as under a lease.

The assignments of error are overruled and judgment affirmed.