McDowell, Appellant, *v.* Henry German Baking Company.

Argued March 6, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*George Morrow,* for appellant.

*C. B. Little,* for appellee.

Opinion by Keller, P. J., July 18, 1935:

This was an action of assumpsit for rent of a garage for the four months beginning April 1, 1928.

Plaintiff relied on an informal writing with Kolb Bread Bakery, Inc., which showed on its face that it was an agreement to make a lease, rather than a lease itself. See Zook v. Zook, 104 Pa. Superior Ct. 374, 157 A. 355.

It contemplated a lease for one year from April 1, 1926, at a rental of $150 a month, "with the privilege of extending the lease four more years" at the same rental; and the execution of a formal lease after the "proper papers" had been drawn.

No formal lease agreement was ever prepared or signed; a witness for the plaintiff testifying that before Kolb Bread Bakery, Inc. entered into possession of the premises and while the parties were discussing certain changes to be made in the building the president of the Kolb Bread Bakery, Inc. said the informal writing was satisfactory to him and the plaintiff said it was likewise satisfactory to him, and they verbally adopted the preliminary writing as the lease.

The court below entered a compulsory non-suit—and subsequently refused to take it off,—on the ground that parol evidence was necessary to establish the lease relied on, and, as the term of the lease was for more than three years, the letting was invalid under the Statute of Frauds.

If the appellant's contention is correct—that the lease, in effect, called for a term of one year, with the privilege of extending the lease for a *further term of four years,* (See Canonico v. Lucente, 40 Pa. Superior Ct. 75; McDonald v. Karpeles, 61 Pa. Superior Ct. 496),—then we think the court below was right in entering the non-suit and refusing to take it off, for the lease for four years required parol evidence to establish it, (Safe Deposit & Trust Co. v. Diamond C.

& C. Co., 234 Pa. 100, 111, 83 A. 54) and was therefore in conflict with the Statute of Frauds: Goldstein v. Nichols, 278 Pa. 107, 116 A. 670; Dumn v. Rothermel, 112 Pa. 272, 3 A. 800; Whiting v. Pittsburgh Opera House Co., 88 Pa. 100. The plaintiff in this case signed no writing adopting the preliminary writing as the lease, as was done in Witman v. Reading, 191 Pa. 134, 140, 43 A. 140.

While parties to a lease, not within the Statute of Frauds, may subsequently modify it by parol, and be outside the *parol evidence rule,* (25 R. C. L. 708) they cannot by parol establish a lease for more than three years, for that is forbidden by the *Statute of Frauds.* The adoption or ratification of a lease for more than three years, in order to be valid, must be in writing: Dumn v. Rothermel, supra; Willis-Winchester Co. v. Clay, 293 Pa. 513, 519, 143 A. 227; Witman v. Reading, supra, p. 140.

On the other hand, if the preliminary writing intended a lease for one year, with the privilege of extending it from *year to year* for four more years, then the plaintiff had no case, for the defendant had paid the rent in full to April 1, 1928 and had the right to surrender the premises at the end of any leasehold year: Walter v. Transue, 17 Pa. Superior Ct. 94; Walter v. Transue, 22 Pa. Superior Ct. 617; Stover v. Cadwallader, 2 Penny. 117; McDowell v. Simpson, 3 Watts 129; Clayton v. Blakey, 8 T. R. 3; 2 Smith's L. C. 179, 183.

This defendant was not a party to the preliminary writing but had taken over the business of Kolb Bread Bakery, Inc. with all its assets and assumed its liabilities.

Whichever horn of the dilemma is taken, the plaintiff was not entitled to recover.

Judgment affirmed.