Purman, Appellant, *v.* Fitch et al.

Argued March 19, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

reargument refused May 21, 1945.

*Thomas R. Purman,* in propria persona, appellant.

*John H. Davidson,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 12, 1945:

The question is whether the beneficiary of a resulting trust may recover damages from a tenant of the trustee who has paid the rent in full to the trustee.

The purchase price for the property in question was paid in 1930 by appellant Purman. At his direction, title was taken in the name of John D. and Clara L. Johnston, who later conveyed through a straw man to Clara L. Johnston. From 1931 to 1935 the Johnstons were in sole possession. On March 20, 1935, Purman filed a bill for a decree declaring that the Johnstons held title on a resulting trust and directing that they convey the land to him on demand. A final decree, filed in 1939, was affirmed by this Court on November 24, 1941, in an opinion by Mr. Justice LINN, reported in 343 Pa. 645.

On July 1, 1935, shortly after the commencement of the previous litigation, T. S. Fitch and wife, the present appellees, took possession under a three year lease from the Johnstons. The Fitches had knowledge of the pending bill. The lease as later extended was subject to the condition that it would become void if Purman obtained a decision in his favor. A similar condition was included in an agreement by the Johnstons to sell the premises to the Fitches for $15,000, which agreement was later cancelled.

Appellant Purman learned of the Fitches' tenancy soon after they entered in 1935, but neither asked for possession nor demanded rentals from the Fitches. By virtue of various extensions of the original lease, the

Fitches continued to occupy the property as tenants until November 18, 1941. During the full time they were in possession, they paid rent to the Johnstons at the rate of $70 per month. Purman never sought compensation from the Johnstons. By registered letter dated November 20, 1941, he made a demand for rental on the Fitches for the entire period at the rate of $2,500 per year. On September 4, 1942, Purman filed the present bill seeking discovery and damages from the Fitches for use and occupation in the amount of $31,000, the yearly rental thereby being computed at the rate of $4,800 per year.

Purman did not join the Johnstons as defendants until required by an order of the court. No answer was filed by the Johnstons and a judgment pro confesso was entered as to them. After the hearing the chancellor dismissed the bill as to the Fitches and retained it as to the Johnstons "for the purpose of an accounting for such sums as they, or either of them, have received for the use and occupation of the premises described in the bill." Appellant's exceptions were dismissed by the court in banc and a final decree entered; this appeal followed.

The conclusions of the court below must be affirmed. Appellant contends that the Fitches should have paid the rental into court during the pendency of the previous litigation. This contention is based on the false assumption that the outcome of that litigation would make it mandatory on the Fitches to pay all rent to appellant. The raising of a resulting trust in appellant's favor merely entitled him to have the property transferred *on demand*: see opinion in 343 Pa. 645, 649, and cases there cited. Appellant has never made such demand and the Johnstons still hold title in trust for Purman. If the Johnstons had been successful in defending the previous bill, they would have been entitled to the rents; as trustees, they continued to be proper recipients of the rentals, but were then under a duty of accounting to appellant. See: *Shearman v. Morrison,* 149 Pa. 386, 24 A. 313;

*Christy v. Christy,* 176 Pa. 421, 35 A. 245; *Horine v. Mengel,* 30 Pa. Superior Ct. 67; *Harris v. Silvis,* 86 Pa. Superior Ct. 222. Therefore, *regardless* of the outcome of the previous bill, until demand was made by appellant, payment to the Johnstons would have been proper.

Appellant's argument that the Johnstons committed a breach of trust in leasing the property while the previous bill was pending is without merit. Appellant placed the Johnstons in a position where they appeared to be both legal and equitable owners of the property. The mere fact that proceedings were commenced to declare a trust would not have justified an abandonment of the property by the Johnstons. When they were declared trustees, the question of their administration of the trust then became relevant. As trustees, the Johnstons had a *duty* to lease the land or manage it so that it would produce income: Restatement, Trusts, section 181, comment a. See also *Landis v. Scott,* 32 Pa. 495. The lease, however, must be reasonable in rental and terms: Restatement, Trusts, section 189, comment b; *Penna. Horticultural Society v. Craig,* 240 Pa. 137, 151, 87 A. 678. The chancellor has found that the lease was reasonable. A term of three years was not excessive. The lease included a recognition of appellant's rights by allowing termination upon conclusion of the pending litigation in his favor. There was no evidence that the rental provided in the lease was unreasonable. Appellant's contention is that the property had no market rental value and that evidence of original cost, interest, taxes, repairs, and other factors should be admissible. However, the only witness called by appellant on the subject of market rental value testified that the property *did* have a rental value. The chancellor's exclusion of evidence of factors other than market value was therefore correct. Since the only admissible evidence of rental value was that provided by the lease, the chancellor was justified in finding such amount to be the rea-

138

sonable market value. See: *Stover v. Cadwallader,* 2 Penny. 117; *Williams v. Ladew,* 171 Pa. 369, 33 A. 329; *Everly v. Shannopin Coal Co.,* 139 Pa. Superior Ct. 165, 11 A. 2d 700; *Holland Fur. v. Keystone Dehyd. Co.,* 151 Pa. Superior Ct. 495, 30 A. 2d 872.

Decree affirmed at appellant's cost.