## Eastern Lumber v. Plywood, Inc.

*Clyde P. Baily* and *Weller, Wicks & Wallace*, for receiver.

*David K. Levin*, for exceptant.

CERCONE, J., June 12, 1958.—This matter comes before the court en banc on exceptions of the Union Real Estate Company to the account and petition of Chester R. Bernstein, receiver of Plywood Supermarkets, Inc.

The facts have been stipulated by the parties in these proceedings, but may be summarized as follows:

The Union Real Estate Company, agent for Murray Shopping Centers, Inc., leased a storeroom for the term of one year to Plywood Supermarkets, Inc. Attached to the lease was a rider, paragraph 10 of which contained a provision that upon completion of other

units which were then under construction, the lessor would enter into a lease with the tenant for another storeroom to be located in the new units at an agreed upon rental. The terms of paragraph 10 of the rider provide:

"Lessor agrees that upon completion of the three units being constructed in the aforesaid shopping center, or prior thereto, it will make available to the Lessee a storeroom in the said shopping center with an area of between 2,000 and 3,000 square feet at a minimum guaranteed annual rental of $2.50 per square foot against a percentage of five (5%) per cent of the gross sales of the Lessee per year and that it will enter into a lease with the said Lessee for a term of five (5) years, such lease to be in the same form as present lease; and the Lessee hereby agrees that upon receiving written notice from the Lessor designating the exact location of the space to be provided in accordance with this paragraph and the date of availability of the same, it will immediately enter into such five (5) year lease with the Lessor at the rate of rental specified in this paragraph and such lease to conform in all other respects with the form of the present lease. The five (5) year lease term provided for herein shall commence as of the date when the larger premises are available for occupancy as indicated in the aforesaid written notice from Lessor to Lessee."

The landlord completed the new units, and between September 1954, and March 3, 1955, requested that the tenant execute a new lease for the premises as provided in paragraph 10 of the rider to the lease, but the tenant refused to sign the new lease and never took possession of the new storeroom, but continued to occupy the premises under the existent lease and to pay rent thereunder. Before the expiration of the one-year lease the tenant corporation became insolvent and a receiver was appointed.

Union Real Estate Company, as agent, filed a claim with the receiver for $600, being rent for the two months unexpired portion of the lease on the storeroom which Plywood Supermarkets, Inc., had occupied. The receiver recognized this claim as preferred, and has agreed to pay that amount in full.

Likewise the Union Real Estate Company, as agent, filed a claim with the receiver for $1,955 as a preferred claim of the lessor for rent on the second storeroom, the lease for which was to be executed between lessor and lessee under provisions of paragraph 10 of the rider to the lease. The receiver denies this claim as a preferred one, but admits it as a general claim, not for rentals due, but as damages for breach of the contract to enter into a lease.

The question to be determined here is simply whether the claim of the Union Real Estate Company, as agent for the lessor, in the amount of $1,955, is a preferred claim or a general claim. If the provisions of paragraph 10 of the rider to the existent lease are to be considered to have created a landlord-tenant relationship, then, of course, the claim would be a preferred one. However, if the said provisions of paragraph 10 are executory in nature, then the landlord is simply a contract creditor, and his claim rises no higher than a general claim. It is the contention of the receiver that the claim of the Union Real Estate Company, as agent, does not come within the terms of the Act of April 17, 1919, P. L. 1029, 39 PS §96, which gives the landlord a preferred claim for rent in all cases where a tenant or tenants become insolvent or a receiver is legally appointed, and covering goods and chattels upon the demised premises which are liable to distress by the landlord for rent not exceeding one year. The receiver contends that no landlord-tenant relationship exists under the provisions of paragraph 10 of the rider, and

that therefore the lessor has no right of preferred claim under the act.

We must note in examining paragraph 10 that there is a real distinction between an agreement to lease and a lease. An agreement to lease is a promissory and executory contract, whereas a lease is an executed contract. An agreement to lease does not vest any title in land and gives no right to collect rent: Trickett on the Law of Landlord and Tenant, chap. 2, sec. 8; Proctor v. Benson, 149 Pa. 254; Henderson v. Schuylkill Valley Clay Manufacturing Company, 24 Pa. Superior Ct. 422. Paragraph 10 specifically sets forth, inter alia, that upon completion of the three units lessor agrees *"it will enter into a lease with the said lessee"*. This language is clearly executory in nature.

A fact which militates against the lessor's claim under the landlord's preference act is that the goods and chattels against which the statute can be invoked must be upon the demised premises and liable to distress by the landlord for rent: The Landlord and Tenant Act of April 6, 1951, P. L. 69, art. 3, sec. 302, 68 PS §250.302. In this case the personal property was located on the premises occupied under the existent lease, and none was present on the premises referred to in paragraph 10, and for which rent is being claimed.

The lessor contends that what the parties primarily contemplated at the time of the execution of the lease and rider should be considered as done. However, mere contemplation of the parties cannot create an executed contract where the language of an agreement is executory in nature and contemplates further acts by the parties.

It is the opinion of the court there is no landlord-tenant relationship established under paragraph 10 of the rider, and that the lessor does not have a preferred claim, but a general claim, for the amount of $1,955.